NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-2792-15T1

BRYCE PATRICK, an infant by
his Guardian ad litem,
KRISTAL DAWN LINT and KRISTAL
DAWN LINT, individually,

    Plaintiffs-Appellants,

v.

CITY OF ELIZABETH and ELIZABETH
BOARD OF EDUCATION,

    Defendants-Respondents.

_____

**APPROVED FOR PUBLICATION
AS REDACTED
April 24, 2017**

**APPELLATE DIVISION**

Submitted March 6, 2017 — Decided April 24, 2017

Before Judges Sabatino, Haas, and Currier.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-4121-13.

Rinaldo and Rinaldo Associates, LLC, attorneys for appellants (Matthew T. Rinaldo, on the briefs).

La Corte, Bundy, Varady & Kinsella, attorneys for respondent City of Elizabeth (Robert F. Varady and Christina M. DiPalo, on the brief).

Nirenberg & Varano, LLP, attorney for respondent Elizabeth Board of Education (Howard M. Nirenberg, of counsel; Sandra N. Varano, on the brief).

The opinion of the court was delivered by

CURRIER, J.A.D.

In this appeal, we are asked to address whether defendants City of Elizabeth (City) and Elizabeth Board of Education (BOE) are immune from liability under the New Jersey Tort Claims Act (TCA), N.J.S.A. 59:1-1 to 12-3, for injuries sustained by the minor plaintiff as a result of a motor vehicle accident. After a review of the contentions in light of the record and applicable principles of law, we are satisfied that the grant of summary judgment was correct as defendants are each entitled to particular immunities under the TCA. We also discern no reason to disturb the judge's decision to deny plaintiff a fourth extension of discovery in the wake of his determination that exceptional circumstances were not demonstrated.

We derive the facts from the summary judgment record. Eight-year-old plaintiff Bryce Patrick was with several other children crossing the street at an intersection near Brophy Field in Elizabeth when he was struck by a motor vehicle. Brophy Field is a municipal park that is located approximately a block away from a public elementary school. On the day in question, an unidentified motorist stopped to allow the children to cross the street. As the children were crossing, another motor vehicle passed the stopped car and struck Bryce. There is

a "Watch for Children" sign posted on the street on which the cars were driving.

I.

Plaintiff[1] filed a complaint against the City and BOE[2] alleging the area of the accident was a dangerous condition and there was inadequate signage to warn motorists of the presence of children.

All parties consented to an extension of the initial discovery end date (DED). Thereafter, plaintiff requested three additional extensions of discovery, the last setting an end date of November 15, 2015. The September 4, 2015 order required plaintiff to serve expert liability and medical reports by October 14, 2015, with arbitration scheduled for November 19, 2015.

After plaintiff failed to provide a liability expert report in compliance with the order, defendants filed a motion to bar any forthcoming liability expert report. Plaintiff opposed the motion, and cross-moved to extend discovery sixty days in order to take the depositions of several City employees and a police

---

[1] Bryce's mother, Kristal Dawn Lint, brought the claim on her son's behalf as his guardian ad litem. She also alleged individual claims. We refer to them collectively as plaintiff.

[2] Plaintiff's claims against the driver of the motor vehicle that struck him were resolved prior to the institution of suit.

officer. Plaintiff asserted these depositions were necessary for the completion of the liability expert's report. The depositions were not scheduled to take place until October 16, 2015.

A certification presented by an attorney in plaintiff's counsel's office further advised the court that lead counsel had fallen on October 15, suffering a serious knee injury that was confining him to his home. Plaintiff asserted there were "exceptional and extraordinary circumstances" to warrant a further extension of sixty days to complete depositions and serve a liability expert report.

On November 6, 2015, Judge Mark P. Ciarrocca heard oral argument on the motions. In addressing plaintiff's application to extend discovery, the judge noted that discovery had previously been extended three times. Pursuant to Rule 4:24-1, discovery could only be extended upon a showing of exceptional circumstances and the judge found that plaintiff had not satisfied that standard. He noted that despite the many extensions of discovery, counsel was still seeking to complete fact witness depositions and obtain an expert report. Judge Ciarrocca concluded: "The Court finds that under these circumstances that the moving party has failed to make a showing that there was diligence in pursuing discovery and has failed to

make a showing that the circumstances surrounding the completion of discovery are completely beyond the control of counsel and the litigant." The judge further concluded that counsel's recent unfortunate injury was not germane to the issue of exceptional circumstances because the expert report had been due prior to the date of counsel's fall. Therefore, the motion to extend discovery was denied and defendants' motions to bar any liability expert reports were granted.

## II.

Defendants moved for summary judgment on November 20, 2015. On December 2, plaintiff presented a motion for reconsideration of the order barring its liability expert. Oral argument was conducted on all of the motions on December 18. After a discussion of the applicable law governing a motion for reconsideration, Judge Ciarrocca found that plaintiff had not provided "any new facts or any decisions that the Court either overlooked or misapplied in denying . . . the prior application, which the Court notes would have been the fourth extension of the discovery end date." The judge reiterated his prior findings that plaintiff had not established exceptional circumstances and denied the motion.

In moving for summary judgment, the City asserted immunities under several sections of the TCA. The City argued

plaintiff had failed to prove the area was a dangerous condition or that the City had any notice, actual or constructive, of a dangerous condition. The City also argued that N.J.S.A. 59:4-5 provided immunity for a public entity's failure to provide ordinary traffic signs and N.J.S.A. 59:4-4 was not applicable to the City as liability under that provision only applied in emergency situations.

Plaintiff asserted in opposition that this area required additional signage, and as the area involved a school zone, it inherently called for a higher safety standard of care. In addition, plaintiff argued the City failed to follow the national standards for traffic control devices as established by the Manual on Uniform Traffic Control Devices (Traffic Manual).

Even if federal regulations were not applicable to the tort liability issues, plaintiff argued she had established that the area was a dangerous condition, and that the City was on notice of the condition due to multiple accidents within that area in the two years prior to the accident.

The BOE argued in support of its summary judgment motion that it did not own, control, or maintain the roadway on which the incident had occurred and it was not responsible for the placement of traffic signs. Plaintiff responded that the BOE

was responsible for school property, and therefore, it must ensure the public road outside the school was likewise safe.

On February 1, 2016, Judge Ciarrocca granted summary judgment in favor of defendants. In considering the claims against the City, the judge found that plaintiff had failed to provide any proofs of the existence of a dangerous condition required under N.J.S.A. 59:4-2 to impose liability. There was no authority presented that a violation of the Traffic Manual would override the immunity granted under the TCA. The judge also concluded that plaintiff had failed to sustain her burden of establishing that the accident would not have occurred if there was additional signage in the area.

Judge Ciarrocca also addressed the contentions against the BOE and rejected them, finding there was no evidence to sustain plaintiff's argument that the BOE owed plaintiff "a duty to ensure the area outside of the school property was in a reasonably safe condition." He further noted that the BOE did not control the area nor did it have authority over the signage placed there.

III.

On appeal, plaintiff argues that the judge (1) erroneously ruled that she failed to prove the existence of a dangerous

condition and (2) incorrectly barred her liability expert report. We disagree and affirm.

We review a grant of summary judgment under the same standard as the motion judge. Rowe v. Mazel Thirty, LLC, 209 N.J. 35, 41 (2012). We must determine whether there are any genuine issues of material fact when the evidence is viewed in the light most favorable to the non-moving party. Id. at 38, 41. "The inquiry is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" Liberty Surplus Ins. v. Nowell Amoroso, P.A., 189 N.J. 436, 445-46 (2007) (quoting Brill v. Guardian Life Ins., 142 N.J. 520, 536 (1995)). "[T]he legal conclusions undergirding the summary judgment motion itself [are reviewed] on a plenary de novo basis." Estate of Hanges v. Metro. Prop. & Cas. Ins., 202 N.J. 369, 385 (2010).

### A.

Plaintiff contends that the trial judge did not properly consider critical facts presented as proof of the existence of a dangerous condition. Plaintiff alleges that the lack of speed limit signs and school zone signage in this particular spot as well as faded crosswalks, combined with the increased traffic flow from the Jersey Gardens Mall, created a dangerous

condition. As such, plaintiff asserts that the City and the BOE knew or should have been aware of this dangerous condition, and were therefore liable for the child's injuries.

Public entity liability in New Jersey under the TCA is limited. Polzo v. Cty. of Essex, 209 N.J. 51, 55 (2012). Generally, a public entity is "immune from tort liability unless there is a specific statutory provision imposing liability." Kahrar v. Borough of Wallington, 171 N.J. 3, 10 (2002). Even if liability exists, "[c]ourts must 'recognize[] the precedence of specific immunity provisions,' and ensure 'the liability provisions of the Act will not take precedence over specifically granted immunities.'" Parsons v. Mullica Twp. Bd. of Educ., 440 N.J. Super. 79, 95 (App. Div. 2015) (alteration in original) (quoting Weiss v. N.J. Transit, 128 N.J. 376, 380 (1992)).

N.J.S.A. 59:4-2 provides in pertinent part that

> [a] public entity is liable for injury caused by a condition of its property if the plaintiff establishes that the property was in dangerous condition at the time of the injury, that the injury was proximately caused by the dangerous condition, that the dangerous condition created a reasonably foreseeable risk of the kind of injury which was incurred, and that . . . a public entity had actual or constructive notice of the dangerous condition under section 59:4-3 a sufficient time prior to the injury to have taken measures to protect against the dangerous condition.
>
> [N.J.S.A. 59:4-2.]

N.J.S.A. 59:4-1 states that a dangerous condition "means a condition of property that creates a substantial risk of injury when such property is used with due care in a manner in which it is reasonably foreseeable that it will be used." A public entity will have constructive notice of a dangerous condition under N.J.S.A. 59:4-3(b) if "the condition had existed for such a period of time and was of such an obvious nature that the public entity, in the exercise of due care, should have discovered the condition and its dangerous character."

Liability will not be imposed "upon a public entity for a dangerous condition of its public property if the action the entity took to protect against the condition or the failure to take such action was not palpably unreasonable." N.J.S.A. 59:4-2. "[P]alpably unreasonable implies behavior that is patently unacceptable under any circumstance and that . . . must be manifest and obvious that no prudent person would approve of its course of action or inaction." Holloway v. State, 125 N.J. 386, 403-04 (1991) (citation omitted).

Here, Judge Ciarrocca noted that plaintiff failed to present any proof of an actionable dangerous condition. In her brief, plaintiff references "the high number of accidents that occurred only in the two years prior to this accident" as constructive notice to defendants of a dangerous condition.

However, a review of the police reports provided by plaintiff reveals no similar accidents reported in this area.[3]

Plaintiff also argues that the lack of signage at the spot of the accident denoting a school zone, or children crossing, was a dangerous condition for which both defendants bear liability. We reject this argument for similar reasons. There was no evidence in the record of complaints to the City regarding this area, nor were there any proofs presented to conclude that defendants were palpably unreasonable in not placing additional signage in the area around the school, apart from the children crossing sign that was further down the street closer to the school. The decision of what type of signage and where to place it is within the discretion accorded to a municipality and is immunized under N.J.S.A. 59:2-3(a).[4]

---

[3] Only one incident is reported involving a pedestrian; in that report, a car making a left turn did not see a pedestrian pushing a stroller in the crosswalk and struck the stroller. This incident does not bear any resemblance to the facts before us and would not place defendants on notice of a dangerous condition in this area.

[4] "A public entity is not liable for an injury resulting from the exercise of judgment or discretion vested in the entity." N.J.S.A. 59:2-3(a).

Regarding the issue of signage, traffic signals, or warning signs, Judge Ciarrocca also noted the immunity accorded to defendants under N.J.S.A. 59:4-5, which provides that a public entity is not liable for "an injury caused by the failure to provide ordinary traffic signals, signs, markings or similar devices." (emphasis added). Plaintiff argues that a sign in a school zone is not an "ordinary" sign subject to immunity under the statute because school zones require a higher standard of care. Therefore, plaintiff contends that the failure to place a sign in a school zone should be analyzed solely under dangerous condition principles pursuant to N.J.S.A. 59:4-2.[5] We disagree.

Although N.J.S.A. 59:4-5 does not expressly define the term "ordinary," we have previously considered its definition in this context and noted the dictionary definition of "regular, usual, normal, common, often reoccurring and not characterized by peculiar or unusual circumstances." Spin Co. v. Md. Cas. Co., 136 N.J. Super. 520, 524 (Law Div. 1975) (citing Black's Law Dictionary 1249 (4th ed. 1957)). Nothing was presented that the roadway in question would not fit within this definition of "ordinary."

---

[5] Plaintiff does not contend that defendants were liable under N.J.S.A. 59:4-4 for a failure to place emergency signs or signals in the area.

In addressing plaintiff's argument that a school zone imposes a special burden on defendants, we note that when the Legislature has chosen to impose a higher standard of care in a school zone, it has done so explicitly. We note the examples of increased penalties for driving while intoxicated, see N.J.S.A. 39:4-50, and enhanced charges for distributing or possessing controlled dangerous substances within a school zone, see N.J.S.A. 2C:35-7. There is no such differentiation provided in the TCA, and therefore, no evidence of such a legislative intention.

In lacking such intention, we decline to carve out an exception for liability under the TCA for signage in a school zone or to denote signs in a school zone as anything but "ordinary." We have previously considered, and rejected, whether there should be a "special relationship exception" to the TCA. In Macaluso v. Knowles, 341 N.J. Super. 112 (App. Div. 2001), a child was killed when he ran out into the street from between illegally parked cars in front of a school. Id. at 113. There, the plaintiff argued that the failure to enforce the parking laws and provide emergency signs and markings rendered the municipality liable. Id. at 115. The plaintiffs further contended that a special relationship existed to negate the TCA's immunities. Id. at 116. In considering the exception, we

stated that the Legislature "rejected the concept of a statute that imposed liability with specific exceptions . . . . [Instead], 'public entities are immune from liability unless they are declared to be liable by enactment.'"  Id. at 117 (alteration in original).  Because the initial consideration is whether an immunity applies, we held that there is no special relationship exception to the TCA.  Ibid.

We apply a similar rationale here and are satisfied that defendants were immunized from liability under N.J.S.A. 59:4-5 because the determination as to the advisability or necessity of a particular sign or warning device at any particular place requires the exercise of discretion.  "N.J.S.A. 59:4-5 simply specifies one particular type of discretionary activity to which immunity attaches."  Aebi v. Monmouth Cty. Highway Dep't., 148 N.J. Super. 430, 433 (App. Div. 1977) (finding that "N.J.S.A. 59:4-5 is entirely consistent with N.J.S.A. 59:2-3 immunizing public entities from liability for injury caused by an exercise of judgment or discretion vested in the entity").

A review of New Jersey's Motor Vehicle and Traffic Laws reinforces the Legislature's intention that the installation of traffic signs remain a discretionary function of municipalities. See N.J.S.A. 39:4-98 ("Appropriate signs giving notice of the speed limits . . . may be erected if the commissioner or the

municipal or county authorities, as the case may be, so determine they are necessary.") (emphasis added); See also N.J.S.A. 39:4-8.10(b)

> ([A] municipality . . . _may_ . . . construct traffic calming measures where appropriate, which may include, but are not limited to, speed humps on streets under municipal or county jurisdiction with a posted speed of 30 mph or less and which have fewer than 3,000 vehicles per day when any road construction project or repair of a street set forth in this subsection is undertaken and located within 500 feet of that street is a school or any property used for school purposes.)
>
> [(Emphasis added).]

The use of the word "may" in both provisions suggests that this authority rests within the discretion of a municipality. There is no genuine issue that the City misapplied its discretion in this case in not situating an additional sign in front of the park, having already placed one in front of the school farther down the street. Defendant BOE, meanwhile, is not a municipality.

### B.

As to the BOE, plaintiff concedes the Board does not own, control, or maintain the roadway but alleges it still had a duty, because of the park's proximity to school property, to "use reasonable care to construct, design and maintain the aforesaid area in a safe and suitable condition for use so that

persons traversing said area . . . might use [the] area [safely]." Plaintiff argues that the BOE's knowledge that the park would be used at times that schools were closed rendered it liable and negated any immunity.

To impose liability under the TCA, there must be ownership of the pertinent property. N.J.S.A. 59:4-2 provides in part that a "public entity is liable for injury caused by a condition of its property." Public property is defined as "real or personal property owned or controlled by the public entity." N.J.S.A. 59:4-1(c). It is undisputed that the BOE did not own the roadway where this accident occurred. It therefore, cannot be held liable for property owned by another entity that contains an allegedly dangerous condition. See Brothers v. Borough of Highlands, 178 N.J. Super. 146 (App. Div. 1981) (rejecting appellant's attempt to extend liability under the TCA to property not owned by the municipality).

Finally, plaintiff has presented no proofs to support her contention that the BOE was required to ensure that the City installed proper school area signage. Even if such proofs were to exist, the BOE was entitled to immunity under N.J.S.A. 59:4-5 as discussed, supra.

> **[At the court's direction, the published version of this opinion omits Section IV concerning the discovery extension issue and**

**resultant barring of expert reports.** **R. 1:36-2(a).]**

We discern no abuse of discretion or misapplication of the law in Judge Ciarrocca's refusal to further extend the discovery period in this case.[6]

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

---

[6] We note, without further comment, that an expert opinion in this matter is not likely to have materially affected the trial judge's legal analysis and our affirmance of the applicable immunities granted to defendants under the TCA that serve to negate their liability to plaintiff under these circumstances.

A-2792-15T1