NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1064-20

MARC RUSSI,

      Plaintiff-Appellant/
      Cross-Respondent,

v.

CITY OF NEWARK,

      Defendant-Respondent/
      Cross-Appellant,

and

COUNTY OF PASSAIC,

      Defendant-Respondent,

and

NELSON TREE SERVICE and
NELSON TREE COMPANY,

      Defendants.

_____

> **APPROVED FOR PUBLICATION**
>
> **February 17, 2022**
>
> **APPELLATE DIVISION**

Argued January 24, 2022 – Decided February 17, 2022

Before Judges Sabatino, Mayer, and Natali.[1]

---

[1] Judge Natali did not participate in oral argument. He joins the opinion with the consent of counsel. R. 2:13-2(b).

On appeal from the Superior Court of New Jersey, Law Division, Essex County, Docket No. L-5182-19.

Mitchell D. Perlmutter argued the cause for appellant/cross-respondent (Zavodnick, Perlmutter & Boccia, LLC, attorneys; Mitchell D. Perlmutter, on the briefs).

Azeem M. Chaudrey argued the cause for respondent/cross-appellant (Kenyatta K. Stewart, Corporation Counsel, attorney; Azeem M. Chaudrey and Emilia Perez, Assistant Corporation Counsels, on the briefs).

Patrick M. Metz argued the cause for respondent County of Passaic (Dario, Albert, Metz, Eyerman, Canda, Concannon, Ortiz & Krouse, attorneys; Patrick M. Metz, on the brief).

The opinion of the court was delivered by

MAYER, J.A.D.

Plaintiff Marc Russi appeals from a November 22, 2019 order granting summary judgment to defendant County of Passaic (County) and a December 4, 2020 order granting summary judgment to defendant City of Newark (City). The City filed a protective cross-appeal. We affirm the orders granting summary judgment to the County and the City and dismiss the City's cross-appeal as moot.

We take the facts from the record on the motions for summary judgment. On December 3, 2016, plaintiff suffered significant injuries when a section of

a tree fell and pierced the windshield of his car while he was traveling on Union Valley Road in West Milford. The fallen limb came from a tree located in the Pequannock Watershed, a 35,000-acre natural resource area owned by the City (City's watershed property).[2] Union Valley Road bisects a portion of the City's watershed property.

The County owns Union Valley Road. It is responsible for the road and a twenty-five-foot right-of-way extending from the centerline of the road out to each side of the roadway. The tree with the broken limb stood beyond the County's right of way.[3]

Russi filed a complaint against the City and the County on January 19, 2018. The County and the City filed answers and the parties exchanged discovery.

After discovery, the City and the County moved for summary judgment. On November 22, 2019, the motion judge denied the City's motion for

---

[2] The New Jersey Department of Environmental Protection holds a deed of conservation in perpetuity on the City's watershed property.

[3] Plaintiff's arborist expert and the City's arborist expert agree the base of the tree with the broken limb was beyond the twenty-five-foot right-of-way from the centerline of Union Valley Road. Plaintiff's expert approximated the tree was eight feet beyond the right-of-way. The City's expert calculated the tree was ten to twelve feet beyond the right-of-way.

A-1064-20

summary judgment. He found there were disputed facts concerning the condition of the tree and the visibility of the tree from the road.

However, the judge granted the County's motion for summary judgment because the tree with the broken limb that struck plaintiff's car was not located on the County's property. The judge noted plaintiff's expert agreed the tree was beyond the County's twenty-five-foot right-of-way and, therefore, the County had no duty regarding the fallen section of the tree.

On December 4, 2020, the City renewed its motion for summary judgment. In granting summary judgment, the judge found the City was entitled to immunity under the Landowner's Liability Act (LLA), N.J.S.A. 2A:42A-1 to - 10, the unimproved public property immunity, N.J.S.A. 59:4-8, and common law immunity. In applying LLA immunity, the judge concluded Union Valley Road is a public pathway or easement, the City established the roadway is within a conservation easement, and plaintiff was not engaged in any recreational activity at the time of his injury.

On appeal, plaintiff argues the motion judge erred in granting summary judgment to the City and the County. He asserts the City and the County, as public entities, are liable under N.J.S.A. 59:4-2 of the New Jersey Tort Claims Act (TCA). As to the City, plaintiff contends none of the immunities relied upon by the judge in granting summary judgment were applicable.

A-1064-20

We review a grant of summary judgment using the same standard governing the motion judge's decision. RSI Bank v. Providence Mut. Fire Ins. Co., 234 N.J. 459, 472 (2018) (citing Bhagat v. Bhagat, 217 N.J. 22, 38 (2014)). In applying that standard, we consider "whether, after reviewing 'the competent evidential materials submitted by the parties' in the light most favorable to [the non-moving party], 'there are genuine issues of material fact and, if not, whether the moving party is entitled to summary judgment as a matter of law.'" Grande v. St. Clare's Health Sys., 230 N.J. 1, 23-24 (2017) (quoting Bhagat, 217 N.J. at 38); see also Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995) and R. 4:46-2(c). We owe no special deference to the motion judge's legal analysis. RSI Bank, 234 N.J. at 472 (citing Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016)).

We first consider plaintiff's arguments regarding the entry of summary judgment for the County. The judge concluded the County did not owe a duty to plaintiff because the tree with the fallen limb was not on the County's property.

Plaintiff argues N.J.S.A. 59:4-2 applied to the County. To trigger the statute, plaintiff must establish the County owned or controlled the property where the tree with the broken limb was located. See Patrick ex rel. Lint v.

5 A-1064-20

City of Elizabeth, 449 N.J. Super. 565, 576 (App. Div. 2017) ("To impose liability under the TCA, there must be ownership of the pertinent property."). N.J.S.A. 59:4-2 provides "[a] public entity is liable for injury caused by a condition of its property . . . ." (emphasis added). A public entity is not liable for dangerous conditions on the property of others. Dickson v. Twp. of Hamilton, 400 N.J. Super. 189, 197 (App. Div. 2008).

Here, plaintiff agreed the limb that fell on his car came from a tree located beyond the County's twenty-five-foot right-of-way. Plaintiff's arborist measured the distance of the tree to be thirty-three feet from the centerline of Union Valley Road.

Additionally, plaintiff failed to proffer evidence the County controlled the property where the tree with the fallen limb was located. "[P]ossessory control is satisfied where a public entity treats private property as its own by using it for public purposes." Posey v. Bordentown Sewerage Auth., 171 N.J. 172, 184 (2002). Although the County occasionally removed fallen tree limbs in its right-of-way along Union Valley Road, the County never assumed responsibility for inspecting or maintaining the trees within the City's watershed property. Nor does incidental removal of tree limbs establish control. See Farias v. Twp. of Westfield, 297 N.J. Super. 395, 403 (App. Div. 1997) (holding a public entity's occasional removal of snow on property it did

A-1064-20

not own was insufficient as a matter of law to establish control). Thus, the County is not liable for plaintiff's injuries under N.J.S.A. 59:4-2 because it did not own or control the property where the tree with the broken limb was located.

We next address plaintiff's argument the judge erred in granting summary judgment to the City. The motion judge found the LLA, the unimproved public property immunity, and common law immunity supported dismissal of plaintiff's claims. Because we agree N.J.S.A. 2A:42A-8.1 of the LLA, entitled "[l]iability to persons injured on premises with conservation restriction," precluded plaintiff's claims against the City, we do not consider whether the other immunities relied upon by the motion judge were applicable.

N.J.S.A. 2A:42A-8.1 provides immunity to an owner of premises on which "a conservation restriction is held by the State, [or] a local unit[4] . . . and upon which premises[,] subject to the conservation restriction[,] public access is allowed, or of premises upon which public access is allowed pursuant to a public pathway or trail easement held by the State, [or] a local unit . . . ." The imposition of liability where an individual is injured on premises subject to a conservation easement is allowed under the following circumstances: "willful or malicious failure to guard, or to warn against, a dangerous condition, use,

---

[4] "Local unit" includes a municipality or county. N.J.S.A. 13:8B-2(c).

A-1064-20

structure or activity," N.J.S.A. 2A:42A-8.1(a)(1); "injury caused by acts of negligence on the part of the owner . . . to any person where permission to engage in sport or recreational activity on the premises was granted for a consideration . . . ," N.J.S.A. 2A:42A-8.1(a)(2); or "injury caused by acts of gross negligence on the part of the owner . . . to any person entering or using the land for a use or purpose unrelated to public access purposes," N.J.S.A. 2A:42A-8.1(a)(3).

Plaintiff argues the LLA fails to immunize the City from liability. We disagree.

First, plaintiff claims Union Valley Road is not a public pathway or trail easement. According to legislative statements accompanying the 2001 amendment to the LLA, the statute applies to land on which "public access is allowed" in addition to "a public pathway or trail easement." Assembly Judiciary Comm. Statement to A. 3035 (May 7, 2001). Plaintiff clearly used Union Valley Road for public access purposes, supporting the application of the LLA.

Second, plaintiff contests the validity of the conservation easement on the City's watershed property. We reject this argument because there is a deed, signed by the City's mayor and properly notarized, creating a conservation

easement that included the block and lot number of the property where the tree with the broken limb was located.

Third, plaintiff asserts the Legislature did not envision application of the LLA to pre-existing roads. Plaintiff's argument ignores that the LLA's stated purpose of preserving open space and providing more opportunities for public recreation applied to the City's watershed property. N.J.S.A. 2A:42A-5.1. Nothing in the LLA precludes its application to existing roads located in areas designated for open space and public recreation.

Plaintiff cannot satisfy the exceptions under N.J.S.A. 2A:42A-8.1(a)(1) to (3) to overcome the LLA's absolute immunity. Plaintiff never met his burden of proving the City willfully failed to warn against a dangerous condition or acted in a grossly negligent manner. There is no proof the City knew the tree on its property was dangerous. No complaints were made to the City regarding the specific tree. Nor was plaintiff using the City's watershed property for sport or recreational purposes.

Having reviewed the record, we conclude plaintiff's car travelled on a road providing public access and serving as a public pathway. The area where the tree stood was located within the City's watershed property, subject to a valid conservation easement. Plaintiff used the road for reasons unrelated to sport or recreational activities and did not pay for his use of the road. Thus, the

 A-1064-20

City was entitled to immunity under the LLA and the judge properly granted the City's motion for summary judgment.

Given our disposition of plaintiff's appeal, the City's protective cross-appeal is dismissed as moot. We also do not need to reach the other issues, including whether the conduct of either public entity could be deemed "palpably unreasonable" under N.J.S.A. 59:4-2.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1064-20