**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2623-23

JEANINE ANTHONY,

    Plaintiff-Appellant,

v.

COUNTY OF MORRIS, MORRIS
COUNTY CORRECTIONAL
FACILITY, MELISSA BROCK,
OFFICER WILDER PEREIRA,
OFFICER MASTROENI and
OFFICER SLINGER,

    Defendants-Respondents.

_____

Argued April 8, 2025 – Decided May 12, 2025

Before Judges Smith and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Docket No. L-0462-21.

Eldridge Hawkins argued the cause for appellant (Cecile D. Portilla, attorney; Eldridge Hawkins and Cecile D. Portilla, on the brief).

R. Scott Fahrney, Jr., Special Morris County Counsel, argued the cause for respondents (John A. Napolitano,

County Counsel, attorney; R. Scott Fahrney, Jr., on the brief).

PER CURIAM

This matter returns to us after a remand to the Law Division. Jeanine Anthony v. Cnty. of Morris, Morris Cnty. Corr. Facilty, et.al., No. A-3641-21 (App. Div. Oct. 25, 2023) (slip op. 1-20). Plaintiff Jeanine Anthony appeals from a March 18, 2024 order dismissing counts one, four and five of her amended complaint. We affirm substantially for the reasons expressed by the trial court in its cogent written opinion.

## I.

We detail the following relevant facts from our previous opinion and the trial court's decision. Plaintiff was serving a municipal sentence at the Morris County Correctional Facility ("MCCF") from December 2019 through February 2020. Id. at 2.

On April 7, 2020, the County of Morris ("Morris") received a document addressed to Sheriff James M. Gannon with the message, "[p]lease accept this Notice of Claim." Id. at 3. The email outlined eight incidents from plaintiff's incarceration: on two occasions she was not permitted to attend church; she requested but was denied medication; she was threatened with bodily harm; she was unfairly subjected to disciplinary action; she was denied contact with her

attorney; she was not taken to scheduled court appearances; and she was subjected to disparate treatment as compared to other inmates. Ibid. It also included a demand of $350,000, exclusive of attorney's fees or punitive damages, and a narrative of plaintiff's statement of facts. Ibid.

Plaintiff then filed a complaint naming Morris, MCCF, and four MCCF employees of the facility (collectively, "defendants"). The complaint included seven counts with the following headings: (1) the negligent, reckless, wanton violation of plaintiff's rights; (2) a breach of the covenant of good faith and fair dealing; (3) the reckless and intentional infliction of severe emotional distress; (4) violations of several paragraphs of Article I of the New Jersey Constitution; (5) violations of N.J.S.A. 10:6-2(c); (6) state-created danger "class of one" violation; and (7) res ipsa loquitur. Ibid. In lieu of an answer, defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 4:6-2(a) and (e), which was granted by the court.

On February 22, 2022, plaintiff filed an amended complaint with the same counts. In lieu of an answer, defendants again filed a motion to dismiss. The trial court dismissed all seven counts. The plaintiff appealed that dismissal.

On appeal, we affirmed the dismissal of counts two, three, six, and seven. Id. at 8-20. We determined that plaintiff stated a cause of action on counts one,

four, and five.  Ibid.  On those counts we reversed and remanded for the trial court to make further findings in regard to four other theories for dismissal raised by defendants:  qualified immunity, timely notice under N.J.S.A. 59:8-8 of the Tort Claims Act ("TCA"), public entity immunity, and the statute of limitations under N.J.S.A. 2A:14-2.  Ibid.  Further, we ordered the court to determine whether the amended complaint related back to the initial complaint under Rule 4:9-3.  Ibid.

On remand, the court allowed for supplemental briefing on those issues, entertained oral argument then issued a comprehensive nineteen-page opinion. The court determined plaintiff's tort claim notice was compliant with the TCA and the amended complaint related back to the original complaint.  The court also determined the two occasions where plaintiff alleged she was not permitted to attend church violated the tort claim notice statute.[1]

The court found plaintiff failed to plead a claim for which the TCA provided an exception to a public entity's general immunity and dismissed count one.  The court reasoned that "[p]laintiff has not shown that any of the alleged acts or omissions by [d]efendants rise to the level of a crime, actual fraud, actual malice, or willful misconduct—any of which would destroy immunity . . . ."

---

[1]  These issues are not appealed.

A-2623-23

Additionally, the court determined, "there is no evidence to suggest that [d]efendants acted or failed to act negligently on account of their required obedience to a legal mandate. Rather, all of the above conduct stems from discretionary exercises of judgment vested in the public entity." As such, the court ruled "all [d]efendants enjoy immunity under the TCA and cannot be held liable for the negligent acts and omissions [p]laintiff alleges in [c]ount [o]ne of the amended complaint."

The court then analyzed counts four and five of the amended complaint to determine if qualified immunity applied. The court first evaluated "whether defendant's alleged misconduct violate[d] statutory or constitutional rights of which a reasonable person would have known." Then the court determined the allegations in the complaint derived "from conscious considerations by [d]efendants acting within the scope of their employment." Because the court concluded all of the alleged violations by defendants stemmed from their discretionary exercise of judgment, it dismissed these counts on the basis of qualified immunity.

On appeal, plaintiff argues the trial court erred in finding defendants were entitled to public entity or qualified immunity.

A-2623-23

## II.

Whether a defendant is entitled to immunity is "a question of law to be decided [as] early in the proceedings as possible, preferably on a properly supported motion for summary judgment or dismissal." Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000). Whether a public official is to be afforded qualified immunity is also a question of law. Baskin v. Martinez, 243 N.J. 112, 128 (2020). "We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law." MTK Food Servs., Inc. v. Sirius Am. Ins. Co., 455 N.J. Super. 307, 312 (App. Div. 2018).

We also review a decision on a Rule 4:6-2(e) dismissal motion "de novo, without deference to the judge's legal conclusions." McNellis-Wallace v. Hoffman, 464 N.J. Super. 409, 415 (App. Div. 2020). We "'search[] the complaint in depth and with liberality to ascertain whether the fundament of a cause of action may be gleaned even from an obscure statement of claim, opportunity being given to amend if necessary.'" Printing Mart-Morristown v. Sharp Elecs. Corp., 116 N.J. 739, 746 (1989) (quoting Di Cristofaro v. Laurel Grove Mem'l Park, 43 N.J. Super. 244, 252 (App. Div. 1957)). Thus, we review de novo the trial court's determination that a dismissal is warranted because defendant is entitled to immunity or qualified immunity.

A-2623-23

III.

Based on our review of the applicable law, we agree defendants were entitled to public entity and qualified immunity and, accordingly, affirm for the reasons primarily outlined in the trial court's written opinion. We add the following comments.

"'The TCA provides general immunity for all governmental bodies except in circumstances where the Legislature has specifically provided for liability.'" Caicedo v. Caicedo, 439 N.J. Super. 615, 623 (App. Div. 2015) (quoting Kain v. Gloucester City, 436 N.J. Super. 466, 473 (App. Div. 2014)). As such, "the TCA's dominant theme is immunity, with liability as the exception." Ibid. (first citing D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 134 (2013); and then citing Rochinsky v. Dep't of Transp., 110 N.J. 399, 408 (1988)). "Even if liability exists, '[c]ourts must "recognize[ ] the precedence of specific immunity provisions," and ensure "the liability provisions of the Act will not take precedence over specifically granted immunities."'" Patrick ex rel. Lint v. City of Elizabeth, 449 N.J. Super. 565, 572 (App. Div. 2017) (alterations in original) (quoting Parsons v. Mullica Twp. Bd. of Educ., 440 N.J. Super. 79, 95 (App. Div. 2015)). Accordingly, to determine whether a public entity is immune, "courts should employ an analysis that first asks 'whether an immunity applies

7

and if not, should liability attach.'" Bligen v. Jersey City Hous. Auth., 131 N.J. 124, 128 (1993) (quoting cmt. on N.J.S.A. 59:2-1(a)). The burden of proof rests on the public entity to establish immunity. Caicedo, 439 N.J. Super. at 623 (citing Kain, 436 N.J. Super. at 473). "Where a public entity is immune from liability for injury, so too is the public employee." Id. at 624 (citing N.J.S.A. 59:3-1(c)).

Under N.J.S.A. 59:3-1(a) "[e]xcept as otherwise provided by this act, a public employee is liable for injury caused by his [or her] act or omission to the same extent as a private person." Public employees, however, are not liable for injuries resulting from the "exercise of judgment or discretion vested in [them]." N.J.S.A. 59:3-2(a). N.J.S.A. 59:3-3 provides that "[a] public employee is not liable if he [or she] acts in good faith in the execution or enforcement of any law." "The TCA does not, however, 'exonerate a public employee for negligence arising out of his [or her] acts or omissions in carrying out his [or her] ministerial functions.'" Caicedo, 439 N.J. Super. at 624 (alterations in original) (quoting N.J.S.A. 59:3-2).

Here the court articulated the correct standard regarding the TCA and the immunity it provides to defendants. The court correctly concluded that none of the alleged acts or omissions by defendants rose to the level of a crime, actual

A-2623-23

fraud, actual malice, or willful misconduct. Additionally, there was no evidence to suggest that defendants acted or failed to act negligently on account of their required obedience to a legal mandate. As the court determined, all of the alleged conduct stemmed "from discretionary exercises of judgment vested in the public entity." Therefore, the court correctly determined defendants were entitled to immunity under the TCA and count one was properly dismissed.

Next, we turn to the courts finding that the defendants were entitled to qualified immunity on counts four and five. Qualified immunity shields government officials from personal liability for civil damages related to their discretionary actions, insofar as "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). A defendant invoking qualified immunity is entitled to dismissal prior to suit "[u]nless the plaintiff's allegations state a claim of violation of clearly established law . . . ." Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Qualified immunity is "'an immunity from suit rather than a mere defense to liability' [which] is effectively lost if the case is allowed to go to trial." Radiation Data, Inc. v. N.J. Dep't of Envtl. Prot., 456 N.J. Super. 550, 560 (App. Div. 2018), (quoting Wildoner v. Borough of Ramsey, 162 N.J. 375, 387 (2000)).

"The well-established defense of qualified immunity interposes a significant hurdle for plaintiffs seeking to recover for asserted violations of civil rights at the hands of law-enforcement officials." Morillo v. Torres, 222 N.J. 104, 116 (2015). Following federal case law, our courts employ a two-pronged test to determine if a law enforcement officer is entitled to qualified immunity: "(1) whether the evidence, viewed in the light most favorable to the plaintiff, establishes that the official violated the plaintiff's constitutional or statutory rights, and (2) whether the right allegedly violated was 'clearly established' at the time of the officer's actions." Baskin v. Martinez, 243 N.J. 112, 128 (2020) (quoting Saucier v. Katz, 533 U.S. 194, 201-02 (2001)).

Counts four and five include the following constitutional claims: failure to provide appellant the opportunity to submit grievances; failure to provide appellant access to her attorney; failure to take appellant to scheduled court appearances; wrongfully sending appellant to disciplinary detention; and disposing of witness statements unfavorable to defendants.

Federal courts addressing grievance systems in the context of 41 U.S.C. § 1983 claims have found "no free-standing constitutional right" of prisoners to an adequate grievance system. Vines v. Columbus House, No. 13-3923, 2017 U.S. Dist. LEXIS 89664, at *21 (D.N.J. June 12, 2017) (quoting Woods v. First

Corr. Med. Inc., 446 F. App'x 400, 403 (3d Cir. 2011)).[2]  Accordingly, plaintiff had a procedure to challenge her contention that she was wrongfully sent to disciplinary detention and the ability to call witnesses on her behalf.  The facts as alleged do not support a finding that defendants violated plaintiff's clearly established constitutional rights.  They do not support an abrogation of qualified immunity.

Two defendants are alleged to have disallowed plaintiff from contacting her attorney on a Saturday and a Sunday.  The Supreme Court recognized a fundamental constitutional right of prisoners to access the courts in Bounds v. Smith, 430 U.S. 817 (1997) (addressing the adequacy of prison law libraries and prisoners' access to assistance from persons trained in the law).  This right was later clarified as not an "abstract, freestanding right," but rather a "touchstone" requiring an inmate to "demonstrate that the alleged shortcomings hindered his [or her] efforts to pursue a legal claim."  Lewis v. Casey, 518 U.S. 343, 351 (1996).  While appellant's access to her attorney amounts to a clearly established

---

[2]  The Third Circuit Court of Appeals has held that while "the filing of prison grievances is a constitutionally protected activity," a grievance about an underlying constitutional claim is not compromised when the prison refuses to entertain it, since the inmate's right to bring a civil rights claim is preserved. Winn v. Dep't of Corr., No. 09-1653, 2009 U.S. App. LEXIS 17204, at *4 (3d Cir. July 28, 2009) (quoting Davis v. Goord, 320 F.3d 346, 352-53 (2d Cir. 2003) and Flick v. Alba, 932 F.2d 728, 729 (11th Cir. 1991)).

11

right, her right to access her attorney at all hours, even on weekends, is not. A reasonable officer in the position of defendants would not be clearly acting in an unlawful manner. Therefore, the facts as alleged do not support the abrogation of qualified immunity for defendants.

As prisoners have a constitutional right to access courts, their claims must establish denial of that right resulted in some impairment in the inmate's ability "to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement." Lewis, 518 U.S. at 355. Here, plaintiff's amended complaint alleges several dates on which MCCF staff failed to bring her to scheduled court appearances. As the trial court noted, "with respect to [d]efendants' alleged failure to arrange for [p]laintiff's attendance at scheduled [c]ourt appearances, there is nothing from the record suggesting that the nature of these appearances—which are wholly unspecified by plaintiff—required plaintiff's presence." The plaintiff does not indicate what the court proceedings were or whether her presence was required. As such, given the lack of specificity regarding these alleged court proceedings, the court was correct in dismissing counts four and five.

A-2623-23

To the extent we have not specifically addressed any remaining issue raised by plaintiffs, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-2623-23