NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO.  A-1309-17T2

MTK FOOD SERVICES, INC.
d/b/a THE PALACE
RESTAURANT,

    Plaintiff-Respondent,

v.

SIRIUS AMERICA INSURANCE
COMPANY; NORTH AMERICAN
RISK SERVICES; SPENCER
B. ROBBINS, ESQ.;
ROBBINS & ROBBINS, LLC;
CRAWFORD CLAIMS MANAGEMENT
SERVICES; ALLIED WORLD
ASSURANCE COMPANY (U.S.) INC.
and DARWIN SELECT INSURANCE COMPANY,

    Defendants,

and

ARCHER & GREINER, PC, and
RICHARD GRUNGO, JR., ESQ.,

    Defendants-Appellants,

and

JAVERBAUM WURGAFT HICKS KAHN
WIKSTROM & SININS, PC, and
DAVID WIKSTROM, ESQ.,

    Defendants-Respondents.

_____

| APPROVED FOR PUBLICATION |
| :---: |
| **June 29, 2018** |
| **APPELLATE DIVISION** |

Argued May 30, 2018 — Decided June 29, 2018

Before Judges Hoffman, Gilson and Mayer.

On appeal from Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1227-12.

Ellis I. Medoway argued the cause for appellants (Archer & Greiner, PC, attorneys; Ellis I. Medoway, on the briefs).

Wendy M. Crowther argued the cause for respondent MTK Food Services, Inc. (Schibell & Mennie, LLC, attorneys; Wendy M. Crowther, of counsel and on the brief).

Patrick J. Galligan argued the cause for respondents Javerbaum Wurgaft Hicks Kahn Wikstrom & Sinins, PC and David Wikstrom, Esq. (Donnelly Minter & Kelly, LLC, attorneys; Patrick J. Galligan, of counsel; Jared J. Limbach, on the brief).

David R. Kott argued the cause for amicus curiae New Jersey State Bar Association (New Jersey State Bar Association, attorneys; Robert B. Hille, President, of counsel and on the brief; David R. Kott, William T. Reilly and Christopher A. Rojao, on the brief).

The opinion of the court was delivered by

HOFFMAN, J.A.D.

Plaintiff MTK Food Services, Inc. alleges defendants, attorney Richard Grungo, Jr. and his former firm, Archer & Greiner, P.C. (Archer),[1] committed legal malpractice regarding an insurance claim for fire damage at plaintiff's restaurant. The malpractice claim against appellants required a choice-of-law

---

[1] We refer to Grungo and Archer collectively as appellants.

analysis because plaintiff sued appellants beyond Pennsylvania's two-year statute of limitations, but within New Jersey's six-year statute of limitations. By leave granted, appellants challenge a May 10, 2017 Law Division order applying New Jersey's six-year statute of limitations and therefore reinstating plaintiff's malpractice claim against them. Because we find Pennsylvania's two-year statute of limitations applies under the circumstances presented, we reverse and dismiss plaintiff's claims against appellants.

I

In December 2002, a fire damaged plaintiff's Bethlehem, Pennsylvania restaurant. Plaintiff retained defendant Spencer Robbins, a New Jersey attorney, to pursue an insurance claim against defendant Sirius America Insurance Company (Sirius). Robbins allegedly negotiated a settlement with Sirius for $240,000, but neglected to inform plaintiff of the settlement offer. Robbins eventually asked Grungo to assist with litigation in Pennsylvania. Grungo is licensed in both New Jersey and Pennsylvania. At his deposition, Grungo testified,

> I recall Spencer Robbins calling me, [and] asking me . . . to file a writ in Pennsylvania as a placeholder in a matter that he was involved in and . . . [was] close to settling or resolving.
>
> . . . .

> Under Pennsylvania rules you can file a writ
> in order to toll a statute of limitations,
> as opposed to filing a formal complaint.

In January 2006, Grungo accommodated Robbins' request and filed a writ of summons in Pennsylvania on behalf of plaintiff against Sirius. According to Grungo, he never had any contact with plaintiff, explaining "my only point of contact was Spencer Robbins." Approximately eighteen months after he filed the writ, Grungo informed Robbins he could no longer remain as counsel of record in the placeholder proceeding due to a conflict. The Pennsylvania court eventually dismissed the matter, and the statute of limitations on the insurance claim had run by the time plaintiff learned of the dismissal.

Plaintiff next consulted with attorney Nick Sabatine, who wrote to Grungo in March 2009, requesting a copy of his file and alerting him of a possible "legal malpractice claim." In August 2010, plaintiff retained another attorney, defendant David Wikstrom, to pursue the legal malpractice claim. Wikstrom never filed a claim against Robbins or appellants; instead, in May 2011, Wikstrom informed plaintiff he believed plaintiff had a legitimate malpractice claim, but he did not wish to pursue a claim against Archer "for political reasons." In 2012, plaintiff filed its initial complaint in Monmouth County. On

4                                                    A-1309-17T2

October 10, 2014, plaintiff amended its complaint to join appellants, asserting legal malpractice claims against them.

In December 2014, appellants moved to dismiss all claims against them, arguing the Pennsylvania statute of limitations barred the claims. On February 20, 2015, the trial court granted appellants' dismissal motion. The court found an undisputed "conflict between New Jersey and Pennsylvania regarding the statute of limitations for a legal malpractice claim." In determining whether Pennsylvania's two-year statute of limitations or New Jersey's six-year statute of limitations applied, the court applied the most-significant-relationship test found in the Restatement (Second) of Conflicts of Laws §§ 145 and 6 (Am. Law Inst. 1971).

In applying the most-significant-relationship test, the court found "both states have a substantial interest in regulating the conduct of attorneys [who] practice within their borders"; however, the court concluded Pennsylvania had the more significant relationship. As a result, the court applied Pennsylvania's two-year statute of limitations and dismissed plaintiff's complaint against appellants.

On January 24, 2017, our Supreme Court decided McCarrell v. Hoffman-La Roche, Inc., 227 N.J. 569, 574 (2017), which held courts should use the substantial-interest test to resolve

statute-of-limitations conflicts, as set forth in the Restatement (Second) of Conflicts of Laws § 142 (Am. Law Inst. 1971). Based upon McCarrell, plaintiff successfully moved for reconsideration and the trial court vacated its order dismissing the malpractice claims against appellants. The court concluded, "Maintenance of the claim would serve a substantial interest of the forum state[:] regulating licensed New Jersey attorneys [who] practice law within the state." The court noted that it previously found "both states have a substantial interest in regulating the conduct of attorneys [who] practice within their borders . . . ." The court therefore applied New Jersey's six-year statute of limitations and reinstated plaintiff's malpractice claims against appellants.

II

We apply a de novo standard when reviewing an order dismissing a complaint for failure to state a claim. State ex rel. Campagna v. Post Integrations, Inc., 451 N.J. Super. 276, 279 (App. Div. 2017). "The analytical framework for deciding how to resolve a choice-of-law issue is a matter of law." McCarrell, 227 N.J. at 583-84. We review issues of law de novo and accord no deference to the trial judge's conclusions on issues of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

Here, the record reflects no dispute as to the underlying facts of the case. The parties agree that if Pennsylvania's two-year statute of limitations applies, then plaintiff's claims against appellants fail. However, if New Jersey's six-year statute of limitations applies, then plaintiff's claims against appellants stand. This appeal therefore presents the narrow issue of which state's statute of limitations applies; because this constitutes a strictly legal issue, we review de novo.

III

In McCarrell, the Supreme Court held "that section 142 of the Second Restatement is now the operative choice-of-law rule for resolving statute-of-limitations conflicts . . . ." 227 N.J. at 574. Section 142 provides:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> (1) The forum will apply its own statute of limitations barring the claim.
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial interest of the forum; and
>
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.

[<u>Restatement (Second) of Conflicts of Laws</u>
§ 142 (Am. Law Inst. 1971).]

"Under Section 142(2)(a), the statute of limitations of the forum state generally applies whenever that state has a substantial interest in the maintenance of the claim." <u>McCarrell</u>, 227 N.J. at 593. "Section 142's presumption in favor of a forum state with a substantial interest in the litigation can be overcome only by exceptional circumstances that would render that result unreasonable." <u>Id.</u> at 596. The Court chose Section 142 because it: "benefits from an ease of application; places both this State's and out-of-state's citizens on an equal playing field, thus promoting principles of comity; advances predictability and uniformity in decision-making; and allows for greater certainty in the expectations of the parties." <u>Id.</u> at 593.

<u>McCarrell</u> involved a products liability claim. <u>Id.</u> at 596. The plaintiff alleged the defendants — both incorporated in New Jersey — "designed, manufactured, distributed, and labeled" the defective product in New Jersey. <u>Id.</u> at 596-97. The Court found "New Jersey has a substantial interest in deterring its manufacturers from developing, making, and distributing unsafe products . . . ." <u>Id.</u> at 597. The Court therefore applied New Jersey's statute of limitations. <u>Id.</u> at 599.

The Court in McCarrell also discussed two previous products liability cases decided under the most-significant-relationship test, and concluded the outcome would remain the same under the substantial-interest test. Id. at 595-96. First, in Heavner v. Uniroyal, Inc., 63 N.J. 130 (1973), the Court "found that the only connection between New Jersey and the products liability action was [the defendant's] incorporation in this State." McCarrell, 227 N.J. at 586 (citing Heavner, 63 N.J. at 134 n.3). The allegedly defective product was manufactured and sold outside of New Jersey. Id. at 585-86 (citing Heavner, 63 N.J. at 134). The Court reaffirmed that incorporation of a defendant in New Jersey, without more, does not establish a substantial interest. Id. at 586 (citing Heavner, 63 N.J. at 141). In the end, the Court held "plaintiff's complaint was time barred under North Carolina law and therefore dismissed." Ibid. (citing Heavner, 63 N.J. at 141-42).

Second, in Gantes v. Kason Corp., 145 N.J. 478 (1996), in contrast to Heavner, the defendant manufactured the allegedly defective part in New Jersey. McCarrell, 227 N.J. at 587 (citing Gantes, 145 N.J. at 481-82). The Court reasoned it would not frustrate Georgia's public policy to allow a claim "to proceed against a New Jersey manufacturer in a New Jersey court." Id. at 587-88 (citing Gantes, 145 N.J. at 498). The

Court found New Jersey had a "substantial interest in deterrence," and applied New Jersey's statute of limitations allowing the claim to proceed. Id. at 588 (citing Gantes, 145 N.J. at 493, 499).

IV

Here, the trial court initially found both New Jersey and Pennsylvania "have a substantial interest in regulating the conduct of attorneys [who] practice within their borders"; however, because it found Pennsylvania has a more significant relationship, it applied Pennsylvania's statute of limitations. After the Supreme Court decided McCarrell, the trial court reconsidered its decision and repeated its finding that New Jersey has a substantial interest. Therefore, it applied the New Jersey statute of limitations in reinstating the claims against appellants.

Appellants contend the trial court misapplied McCarrell in finding New Jersey's statute of limitations applicable. Plaintiff counters that New Jersey has a substantial interest in regulating the conduct of New Jersey licensed attorneys. In reply, appellants emphasize the absence of any "causal nexus" between Grungo's New Jersey attorney license and plaintiff's claimed damages.

10                                                    A-1309-17T2

We agree with appellants that the trial court erred in concluding the New Jersey statute of limitations applied to this case. The only pertinent connection to New Jersey — that Grungo, a New Jersey licensed attorney, worked in a New Jersey office — falls short of establishing a substantial interest for New Jersey to apply its statute of limitations here. All other relevant facts point to Pennsylvania: the fire and resulting loss occurred in Pennsylvania; plaintiff is incorporated in Pennsylvania; Robbins enlisted Grungo because he is licensed in Pennsylvania; and Grungo filed the underlying complaint in Pennsylvania. The circumstances here are analogous to <u>Heavner</u> where the only connection to New Jersey was the defendant's incorporation in New Jersey. <u>See</u> <u>Heavner</u>, 63 N.J. at 134 n.3. Also, unlike the defendants in <u>McCarrell</u> and <u>Gantes</u> that manufactured allegedly defective products in New Jersey, here appellants allegedly acted negligently in Pennsylvania by allowing a Pennsylvania court to dismiss a case concerning a loss sustained by a Pennsylvania corporation to its Pennsylvania restaurant. Therefore we find New Jersey does not have a substantial interest in plaintiff's claims against appellants.

Furthermore, as the New Jersey State Bar Association contends in its amicus brief, applying New Jersey's six-year statute of limitations here would frustrate the purpose of

11

adopting the substantial-interest test and defy public policy. In <u>McCarrell</u>, the Court explained that the substantial-interest test: "places both this State's and out-of-state's citizens on an equal playing field, thus promoting principles of comity; advances predictability and uniformity in decision-making; and allows for greater certainty in the expectations of the parties." <u>McCarrell</u>, 227 N.J. at 593. If Robbins had obtained assistance from an attorney in Pennsylvania, the Pennsylvania statute of limitations would apply without question. That Robbins sought assistance from an attorney, who holds a New Jersey license and works in New Jersey, bears no relation to the malpractice allegation and therefore should not change the outcome here. To hold otherwise would subject New Jersey attorneys also practicing in other states to disparate, unfair treatment.

We also note defendant Wikstrom filed a brief arguing the Rules of Professional Conduct establish that New Jersey has a substantial interest in regulating the conduct of New Jersey attorneys, whether that conduct occurs within or outside New Jersey borders. That argument lacks persuasion. While RPC 8.5(a) does provide for disciplinary action for conduct outside of New Jersey, RPC 8.5(b) clarifies that disciplinary action

based on claims filed outside of New Jersey should apply the rules of the jurisdiction where the claim is filed.

For the reasons stated, we vacate the trial court's May 10, 2017 order, and remand for the court to enter an order dismissing the claims against appellants as barred by Pennsylvania's two-year statute of limitations. We do not retain jurisdiction.

Vacated and remanded.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1309-17T2