**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2707-22

LINDA DECARO,

    Plaintiff-Appellant,

v.

ELKIND AND DIMENTO, and
ANTHONY F. DIMENTO, ESQ.,

    Defendants-Respondents.

_____

          Argued April 24, 2024 – Decided May 16, 2024

          Before Judges Vernoia and Walcott-Henderson.

          On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Docket No. L-0751-19.

          Jeff Sheppard argued the cause for appellant.

          John L. Slimm argued the cause for respondents (Marshall Dennehey, PC, attorneys; John L. Slimm, on the brief).

PER CURIAM

In this legal malpractice case, plaintiff Linda DeCaro appeals from an order granting summary judgment to defendants Elkind and DiMento and Anthony F. DiMento, Esq. Plaintiff argues the court erred by determining that the legal liability expert report on which plaintiff's opposition to defendants' summary judgment motion rested constituted an inadmissible net opinion. We disagree and affirm.

I.

We discern the pertinent facts from the summary judgment record, viewing them in the light most favorable to plaintiff as the non-moving party. Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021). On October 25, 2012, plaintiff was involved in a verbal altercation with another patron while at the bar in a Little Egg Harbor restaurant. Plaintiff claimed the patron threatened and screamed profanities at her in the presence of the restaurant's staff. Plaintiff asserted she was later confronted by the patron outside the restaurant and physically assaulted by the patron. Plaintiff alleged she suffered debilitating injuries, including skull fractures and brain injuries.

Plaintiff retained defendants to represent her in a civil suit against the patron and the restaurant. Defendants filed a complaint on plaintiff's behalf against the restaurant and patron. The court later entered default against the

patron, who had not filed a responsive pleading to the complaint. The case later proceeded to trial against the restaurant and the defaulted patron.

On plaintiff's behalf and with her consent, defendants agreed to an expedited trial on liability and damages with a high-low agreement pursuant to which plaintiff would receive a minimum recovery of $150,000 and a maximum recovery of $750,000. The parties waived their rights to appeal from the verdict, as molded by the court in accordance with the high-low agreement. The parties also agreed the molded verdict would constitute a settlement of all claims.

Plaintiff and the restaurant further agreed to conditions for the expedited trial. The conditions included limiting opening statements to fifteen minutes and closing arguments to thirty minutes; permitting each party to call five lay witnesses; and stipulating to the admission of all business records, expert reports, and written statements of individuals not giving live testimony "subject to redaction of inadmissible included statements." The parties also agreed a judgment would "be entered upon the jury's verdict as to [the defaulted patron] only." The court entered a consent order memorializing the parties' agreement to the conditions for the expedited trial.

Plaintiff's claims against the restaurant and patron were tried before a jury in accordance with the consent order. The jury determined the restaurant was

3

not negligent, plaintiff was sixty-percent negligent, and the patron was forty-percent negligent. Although the jury's liability findings otherwise resulted in a no-cause verdict in the restaurant and patron's favor, the court awarded plaintiff $150,000 in accordance with the parties' high-low agreement.

Plaintiff subsequently filed a legal malpractice complaint against defendants alleging they "negligently and in breach of their fiduciary duty" represented plaintiff in the lawsuit against the restaurant and patron. The complaint generally asserted defendants' actions had resulted in "an inordinately low recovery in a strong liability matter involving permanent brain injuries[,]" and defendants' "act[s] and omissions and deviation from accepted standards of practice . . . w[ere] a substantial factor in the losses incurred by [p]laintiff."

Following the exchange of discovery, defendants moved for summary judgment, asserting plaintiff could not sustain her burden of proof at trial because the report of Michael W. Krutman, Esq., plaintiff's liability expert on defendants' alleged deviations from the standard of care, constituted an inadmissible net opinion. Following argument on the motion, Judge Robert E. Brenner issued a comprehensive bench opinion granting defendants' motion.

After detailing the facts surrounding defendants' representation of plaintiff in the litigation and trial against the restaurant and patron, Judge

Brenner explained plaintiff's professional negligence claim failed because she lacked admissible evidence establishing the standard of care from which defendants allegedly deviated. Judge Brenner noted plaintiff relied exclusively on the report of her liability expert, Krutman, to satisfy her burden of establishing defendants deviated from the standard of care but found the report did not establish defendant deviated from any established standard of care because the report consisted solely of inadmissible net opinions. Judge Brenner found Krutman's opinions, as expressed in his report, were "not supported by factual evidence or other data, but rather [were] based on unfounded speculation and unquantified possibilities" and "failed to establish deviations from accepted legal standards as compared to what would ordinarily be exercised by members of the legal profession similarly situated."

The court entered an order granting defendants summary judgment. This appeal followed.

## II.

We review summary judgment orders de novo, C.V. v. Waterford Twp. Bd. of Educ., 255 N.J. 289, 305 (2023), applying the same standard as the trial court, Townsend v. Pierre, 221 N.J. 36, 59 (2015). We "consider whether the competent evidential materials presented, when viewed in the light most

favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). Summary judgment is appropriate where "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment or order as a matter of law." Id. at 529 (quoting R. 4:46-2(c)). "We review issues of law de novo and accord no deference to the trial judge's [legal] conclusions." MTK Food Servs., Inc. v. Sirius Am. Ins. Co., 455 N.J. Super. 307, 312 (App. Div. 2018).

When considering "a summary judgment motion premised on an evidentiary ruling," a reviewing court must proceed in "the same sequence as the trial court, 'with the evidentiary issue resolved first, followed by the summary judgment determination of the trial court.'" Satec, Inc. v. Hanover Ins. Grp., Inc., 450 N.J. Super. 319, 330 (App. Div. 2017) (quoting Townsend, 221 N.J. at 53). We "apply a 'deferential approach to a trial court's decision to admit or exclude expert testimony, reviewing it against an abuse of discretion standard.'" 27-35 Jackson Ave., LLC v. Samsung Fire & Marine Ins. Co., 469 N.J. Super. 200, 211 (App. Div. 2021) (quoting Pomerantz Paper Corp. v. New Cmty. Corp., 207 N.J. 344, 371-72 (2011)). "Absent a clear abuse of discretion, an appellate court will not interfere with the exercise of that discretion."

6

Nicholas v. Hackensack Univ. Med. Ctr., 456 N.J. Super. 110, 117 (App. Div. 2018) (quoting Carey v. Lovett, 132 N.J. 44, 64 (1993)).

"'A legal malpractice claim is "grounded in the tort of negligence,"'" Gilbert v. Stewart, 247 N.J. 421, 442 (2021) (quoting Nieves v. Off. of the Pub. Def., 241 N.J. 567, 579 (2020)), and requires that a plaintiff present competent evidence establishing:  "'(1) the existence of an attorney-client relationship creating a duty of care by the defendant attorney, (2) the breach of that duty by the defendant, and (3) proximate causation of the damages claimed by the plaintiff,'" Morris Props., Inc. v. Wheeler, 476 N.J. Super. 448, 459 (App. Div. 2023) (quoting Jerista v. Murray, 185 N.J. 175, 190-91 (2005)).

"Ordinarily, expert testimony is required in a legal malpractice case" unless "the attorney's 'duty is so basic that it may be determined by the court as a matter of law[.]'"  Kranz v. Tiger, 390 N.J. Super. 135, 147 (App. Div. 2007) (quoting Brizak v. Needle, 239 N.J. Super. 415, 429 (App. Div. 1990)).  Where "'the duties a lawyer owes to his client are not known by the average juror,' expert testimony must necessarily set forth that duty and explain the breach." Buchanan v. Leonard, 428 N.J. Super. 277, 288 (App. Div. 2012) (quoting Carbis Sales, Inc. v. Eisenberg, 397 N.J. Super. 64, 78 (App. Div. 2007)).

A-2707-22

Here, plaintiff does not claim defendants' alleged malpractice is the result of a breach of a duty that may be determined by the court as a matter of law or arises out of the breach of a duty known to the average juror. See Kranz, 390 N.J. Super. at 147; see also Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 407-08 (2014) (quoting Sanzari v. Rosenfeld, 34 N.J. 128, 134-35 (1961)) (explaining plaintiffs asserting negligence claims where a "'jury is not competent to supply the standard by which to measure the defendant's conduct'" must present expert testimony establishing the standard of care and the defendant's deviation from the standard).

Plaintiff recognizes in her merits brief, and conceded at oral argument, that her malpractice claim is dependent upon expert testimony establishing the standard of care and concomitant duty she alleges defendants breached during their representation of her in the personal injury case. Indeed, in her merits brief, plaintiff states that "[t]he sole issue on appeal is the adequacy of" Krutman's expert "report in creating a prima facie case against" defendants.[1] We agree.

---

[1]    Stated differently, plaintiff does not argue that the trial court erred by determining she had the burden of presenting expert testimony to establish the standard of care she alleged defendants breached in their representation of her in the action against the restaurant and patron. We therefore deem any such

A-2707-22

Plaintiff argues the court erred by determining Krutman's report did not constitute competent evidence establishing defendants' duty of care and their alleged breach of duty. Plaintiff contends the court erroneously determined the report consisted of only inadmissible net opinions.

"The net opinion rule is a 'corollary of [N.J.R.E. 703] . . . which forbids the admission into evidence of an expert's conclusions that are not supported by factual evidence or other data.'" Townsend, 221 N.J. at 53-54 (alterations in original) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 583 (2008)). The net opinion rule "requir[es] that the expert 'give the why and wherefore' that supports the opinion, 'rather than a mere conclusion.'" Davis, 219 N.J. at 410 (alteration in original) (quoting Pomerantz Paper Corp., 207 N.J. at 372). The rule prohibits a court from "rely[ing] on expert testimony that lacks an appropriate factual foundation and fails to establish the existence of any standard about which the expert testified." Pomerantz Paper Corp., 207 N.J. at 373.

An expert's opinion "testimony must be based upon a consensus of the involved profession's recognition of the standard defined by the expert" and

claim abandoned. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. and Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining claims not addressed in a merits brief on appeal are deemed waived).

must be supported by evidence "offered by the expert to establish the existence of the standard." Satec, Inc., 450 N.J. at 330. An expert must offer "objective support for his or her opinions," and may not testify "only to a view about a standard that is 'personal.'" Pomerantz Paper Corp., 207 N.J. at 373.

In Taylor v. DeLosso, we explained that a plaintiff in a professional negligence case "must produce expert testimony upon which the jury could find that the consensus of the particular profession involved recognized the existence of the standard defined by the expert." 319 N.J. Super. 174, 180 (App. Div. 1999). Stated differently, a putative expert in a professional negligence case may not "simply . . . follow slavishly an 'accepted practice' formula" to establish the standard of care. Ibid. The expert must provide "evidential support . . . establishing the existence of the standard." Ibid. And, "[a] standard which is personal to the expert is equivalent to a net opinion." Ibid.; see also Kaplan v. Skoloff & Wolfe, P.C., 339 N.J. Super. 97, 103 (App. Div. 2001) (finding an expert offered an inadmissible net opinion where the "expert offered no evidential support establishing the existence of a standard of care, other than standards that were apparently personal to himself").

Measured against these well-established principles, we discern no basis to conclude the court abused its discretion in determining Krutman's report is

comprised of a series of inadmissible net opinions. The report includes opinions concerning purported errors committed by defendants during their representation of plaintiff in the personal injury case. For example, Krutman's report opines defendants were negligent by: agreeing to an expedited trial on what Krutman characterizes as a complex case; failing to properly prepare for the cross-examination of witnesses; agreeing to the $750,000 maximum in the high-low agreement; offering an inadequate opening statement; failing to adequately prepare for trial; failing to object to questions concerning plaintiff's ownership of certain property; failing to call a witness; and relying on the submission of expert reports in lieu of expert testimony.

Missing from Krutman's report is any evidence establishing the standard of care providing the benchmark for the opinions offered. Under identical circumstances in Kaplan, we found the plaintiff's expert in a legal malpractice case had offered an inadmissible net opinion because the expert's report "failed to reference any written document or unwritten custom accepted by the legal community recognizing what would constitute . . . reasonable" actions during the defendant-counsel's prior representation of the plaintiff. 339 N.J. Super. at 103. We explained the expert's failure to offer "evidential support establishing

11

the existence of a standard of care, other than standards that were apparently personal to himself" rendered his opinions inadmissible net opinions. Ibid.

Our reasoning in Kaplan applies with syllogistic precision here. Krutman's report offers conclusory assertions that defendants' alleged errors had deviated from acceptable standards of care, but he failed to provide any evidence establishing any of the purported standards to which he vaguely refers.[2] As a result, the report provides only Krutman's personal view that defendants violated undefined standards, none of which is supported by any evidence.

---

[2] We recognize Krutman's report refers to various Rules of Professional Conduct (RPC) and generally asserts they establish a standard of care for defendants' representation of plaintiff in the personal injury case. Although the RPC "'set forth an appropriate standard of care by which to measure an attorney's conduct[,]'" Kaplan, 339 N.J. Super at 103 (quoting Baxt v. Liloia, 284 N.J. Super 50, 57 (App. Div. 1995)), Krutman makes only conclusory statements pertaining to defendants' alleged misconduct and does not identify with any particularly how such misconduct violates any established and accepted standard of care under the RPC he cites.

More particularly, Krutman's report generally refers to RPC 1.1, 1.3, and 1.4, but it fails to explain how defendants' representation of plaintiff in the personal injury matter breached an established standard of care under those rules. Instead—and similar to the other opinions offered in the report—Krutman provides only conclusory assertions defendants' conduct breached the RPC without providing any evidence establishing the standard of care on which his opinions are based. See Alloco v. Ocean Beach & Bay Club, 456 N.J. Super. 124, 142 (App. Div. 2018) (quoting Pomerantz Paper Corp., 207 N.J. at 372) (finding "'an expert's bare opinion that has no support in factual evidence or similar data is a mere net opinion which is not admissible and may not be considered'").

The motion court therefore did not abuse its discretion by finding plaintiff's expert offered inadmissible net opinions insufficient to defeat defendants' summary judgment motion. See Pomerantz Paper Corp., 207 N.J. at 372 (finding a trial court "must ensure that [a] proffered expert does not offer a mere net opinion"). Lacking competent evidence defendants had breached an established standard of care owed to plaintiff during their representation of her in the personal injury case, plaintiff could not sustain her burden of proving defendants' alleged negligence. See Satec, Inc., 450 N.J. Super. at 330 (quoting Arroyo v. Durling Realty, LLC, 433 N.J. Super. 238, 244 (App. Div. 2013)) (explaining an inadmissible net opinion is "'insufficient to satisfy a plaintiff's burden'" of proving a cause of action in response to a summary judgment motion). Thus, the court correctly granted defendants summary judgment.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2707-22