**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2519-22

MAXINE A. REID, an individual,

    Plaintiff-Respondent,

v.

JOHN J. MCKEON, an individual,
and JOYCE A. MCKEON, an
individual,

    Defendants.

_____

CURE AUTO INSURANCE
COMPANY,

    Appellant.

_____

Argued April 17, 2024 – Decided August 23, 2024

Before Judges Vernoia and Walcott-Henderson.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Docket No. L-1845-14.

Anthony Argiropoulos argued the cause for appellant (Epstein Becker & Green, PC, attorneys; Anthony

Argiropoulos, Lauren B. Cooper, Steven T. Passarella, Jr., and Rebecca Porter, of counsel and on the briefs).

Paul R. Garelick argued the cause for respondent (Lombardi and Lombardi, PA, attorneys; Paul R. Garelick, on the brief).

PER CURIAM

This personal-injury action arises out of an automobile accident in which plaintiff Maxine A. Reid suffered injuries when a vehicle she was driving was struck by a vehicle driven by defendant John McKeon and owned by defendant Joyce McKeon. Defendants' auto liability insurance carrier, intervenor CURE Auto Insurance Company (CURE), appeals from an order entered pursuant to Rule 4:42-1 directing that CURE pay $100,000 to plaintiff based on the court's finding CURE is contractually responsible under defendants' auto liability policy to make payment to plaintiff in satisfaction of a jury verdict rendered in plaintiff's favor against defendants. Because plaintiff had never filed a complaint or other pleading asserting a cause of action against CURE, and Rule 4:42-1 does not permit a finding of liability or a damage award on an un-pleaded claim, we reverse.

On May 10, 2012, plaintiff suffered personal injuries when the vehicle she was driving was struck from behind by the vehicle driven by John McKeon.

Plaintiff later filed suit against defendants and, at a trial in which defendants stipulated to liability, a jury returned a $250,000 verdict in plaintiff's favor.

At the time of the accident, defendants had an automobile liability policy with CURE that had a $100,000 policy limit. An attorney assigned by CURE represented defendants in the personal-injury action.

Following our affirmance of the jury verdict on defendants' appeal, Reid v. McKeon, No. A-3493-15 (App. Div. Aug. 21, 2018), defendants sought CURE's payment to plaintiff of the entire $250,000 judgment. According to plaintiff, CURE had refused to make any payments toward the judgment in excess of the $100,000 policy limit despite defendants having notified CURE prior to trial and the return of the verdict of its obligation to make a good faith settlement of plaintiff's claims on defendants' behalf in accordance with the Supreme Court's holding in Rova Farms Resort, Inc. v. Investors Insurance Co. of America, 65 N.J. 474, 496 (1974), that "an insurer, having contractually restricted the independent negotiating power of its insured, has a positive fiduciary duty to take the initiative and attempt to negotiate a settlement within the policy coverage."

Defendants subsequently filed for bankruptcy under Chapter 7 of the U.S. Bankruptcy Code and listed their $250,000 obligation to plaintiff under the

personal-injury judgment as a debt from which they sought relief in the bankruptcy court. As part of the bankruptcy proceeding, special counsel—on behalf of the bankruptcy trustee—filed a Law Division action asserting a bad-faith claim against CURE and a legal malpractice claim against the CURE-assigned counsel who had represented defendants in the personal-injury action. The parties settled the trustee's Law Division action, stipulating to a "full dismissal" of the claims in the action in exchange for CURE's payment of $220,000 into the bankruptcy estate. The bankruptcy court subsequently directed payment of $111,664.89 to plaintiff from the bankruptcy estate and entered an order pursuant to 11 U.S.C. § 727 discharging defendants' $250,000 debt to plaintiff under the personal-injury-action judgment.

Following defendants' discharge from the $250,000 personal-injury-action judgment in the bankruptcy court, plaintiff continued her efforts to recover additional sums she claimed were due her from CURE under defendants' policy. For purposes of addressing the issues presented on appeal, we need not detail plaintiff's efforts and CURE's responses to the same, other than to note that when the parties could not resolve their differences, plaintiff sought relief in the personal-injury action, filing a motion to enforce a judgment under Rule 4:42-1 even though CURE had never been a party to that action and no complaint

or other pleading asserting a purported cause of action against CURE had ever been filed or served in that action.

In her motion, which was supported by her counsel's certification, plaintiff asserted in part that CURE had—at various times following the jury verdict, defendants' filing of the bankruptcy, and defendants' discharge in bankruptcy—tendered checks in the amount of $100,000 to plaintiff. Plaintiff claimed the tendered checks had constituted payment "represent[ing] the liability policy limits pursuant to" defendants' insurance contract with CURE. Plaintiff acknowledged she never accepted or cashed any of the checks CURE had sent. Her counsel's supporting certification asserted that plaintiff and CURE had "never achieved" a settlement on any claim against the insurance carrier and that CURE had later taken the position it was "not responsible to pay the contractual $100,000[] policy limits."

Plaintiff also asserted that the $111,664.89 she had obtained in the bankruptcy proceeding from the $220,000 CURE had paid to the bankruptcy estate in settlement of defendants' bad faith and malpractice lawsuit pertained solely to "the excess verdict that . . . [CURE] would never pay when [it] turned [its] back[]" on defendants and "was part of an asset in conjunction with the malpractice matter against the . . . attorney who [had] tried the case" on

5

defendants' behalf. Thus, plaintiff claimed that irrespective of the settlement of the bad faith and legal malpractice claims brought against CURE by the bankruptcy trustee, CURE's settlement of those claims and payment of $220,000 to the bankruptcy estate, and the bankruptcy court's discharge of the $250,000 judgment against defendants, CURE had an independent contractual obligation under its insurance contract with defendants to pay plaintiff the $100,000 policy limit. And, although she had never filed a pleading alleging a cause of action against CURE in the personal-injury action or otherwise, and CURE was not a defendant in the action and no judgment had been entered against it, plaintiff sought relief under Rule 4:42-1 for an order enforcing the $250,000 judgment in the personal-injury action and compelling "the [d]efendants [(i.e., CURE)] to pay the $100,000[] that" plaintiff claimed "was the admitted responsibility of [CURE's] coverage in conjunction with the verdict" returned by the jury against defendants as the insureds.

In response to plaintiff's motion, CURE filed a cross-motion for leave to file opposition to plaintiff's motion and to intervene in the personal-injury action "for purposes of opposing" plaintiff's Rule 4:42-1 motion to enforce a purported judgment against CURE. In its opposition to plaintiff's motion, CURE argued: plaintiff sought to enforce a judgment that did not exist against CURE; the

6

judgment plaintiff had obtained against defendants in the personal-injury action had been discharged by the bankruptcy court and could no longer support a claim against CURE; plaintiff had no standing to assert an insurance contract claim against CURE; and plaintiff improperly sought to circumvent the bankruptcy code and obtain a double-recovery on the verdict she had obtained against defendants by seeking to enforce the judgment against CURE after the judgment had been discharged in the bankruptcy proceeding.

The trial court heard oral argument on the motions and granted CURE's motion to intervene. The court also granted plaintiff's Rule 4:42-1 motion to enforce the judgment, ordering CURE to "issue a $100,000[] check representing their contractual responsibility for the verdict obtained in" the personal-injury case pursuant to "[Rule] 4:42-1(b)[,](c)." The court determined the resolution of the bankruptcy trustee's action against CURE resulted in the settlement only of the bad faith and legal malpractice claims against CURE and defendants' trial counsel in the personal-injury action. The court sua sponte also considered the applicability of N.J.S.A. 17:28-2, noting the statute had not been raised by either plaintiff or CURE.

As acknowledged by the court, in pertinent part, N.J.S.A. 17:28-2 provides as follows:

No policy of insurance against loss or damage resulting from accident to or injury suffered by an employee or other person and for which the person insured is liable, or against loss or damage to property caused by animals or by any vehicle drawn, propelled or operated by any motive power, and for which loss or damage the person insured is liable, shall be issued or delivered in this state by any insurer authorized to do business in this state, unless there is contained within the policy a provision that the insolvency or bankruptcy of the person insured shall not release the insurance carrier from the payment of damages for injury sustained or loss occasioned during the life of the policy, and stating that in case execution against the insured is returned unsatisfied in an action brought by the injured person, or his personal representative in case death results from the accident, because of the insolvency or bankruptcy, then an action may be maintained by the injured person, or his personal representative, against the corporation under the terms of the policy for the amount of the judgment in the action not exceeding the amount of the policy.

[N.J.S.A. 17:28-2 (emphasis added).]

The court reasoned that because plaintiff had been injured and obtained a judgment, and plaintiff could not collect on the judgment from defendants due to their bankruptcy, plaintiff was entitled to relief under the statute against CURE as defendants' automobile liability insurance carrier. The court found N.J.S.A. 17:28-2 therefore permitted plaintiff to obtain relief directly from CURE and without any assignment of rights from defendants.

8

The court also reasoned that because plaintiff had only received $111,664.89 "pursuant to the bankruptcy proceedings, in full satisfaction of" defendants' obligations under the $250,000 personal-injury judgment, "CURE is obligated to tender its payment to plaintiff in satisfaction of its obligations under [N.J.S.A. 17:28-2] and its contract with the insured." The court therefore granted "plaintiff's motion to enforce judgment" and directed that CURE tender defendants' "policy limit[]" of $100,000 "to plaintiff within ten days." The court found an award of interest and attorney's fees to plaintiff was not warranted. The court entered a memorializing order. CURE appealed from the court's order.

We conduct a de novo review of a trial court's determination of a motion to enforce a judgment under Rule 4:42-1(b) and (c). Gold Tree Spa, Inc. v. PD Nail Corp., 475 N.J. Super. 240, 245 (App. Div. 2023). We therefore apply the same standard as the trial court. See, e.g., Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (applying the de novo standard of review to a summary judgment order). "We review issues of law de novo and accord no deference to the trial judge's [legal] conclusions . . . ." MTK Food Servs., Inc. v. Sirius Am. Ins. Co., 455 N.J. Super. 307, 312 (App. Div. 2018).

The court entered the order challenged on appeal pursuant to Rule 4:42-1(b) and (c).  Subsection (b) of the Rule provides that "no judgment or order shall be signed by the court unless the form thereof has been settled on motion on notice to all parties affected thereby who are not in default . . . or unless the written approval of such attorneys or parties to the form thereof is endorsed thereon."  R. 4:42-1(b).  Subsection (c) of the Rule provides the procedure for the settlement of "the form of judgment or order"; that is, the "party proposing the form of [a] judgment or order" must forward the original "to the judge who heard the matter" and serve a copy "on every other party not in default," and, if no written notice of "specific objections" to the order is served within five days of service of the proposed order, "the judgment or order may be signed in the judge's discretion."  R. 4:42-1(c).

"'Our review of the meaning or scope of a court rule is de novo; we do not defer to the interpretations of the trial court . . . unless we are persuaded by [its] reasoning.'"  In re Protest of Contract for Retail Pharmacy Design, 257 N.J. 425, 436 (2024) (quoting State v. Tier, 228 N.J. 555, 561 (2017)).  We therefore must consider the Rule's plain language "'and "ascribe to the [words of the rule] their ordinary meaning and significance . . . and read them in context with related

provisions so as to give sense to the [court rules] as a whole."'" Ibid. (alterations in original) (quoting DiFiore v. Pezic, 254 N.J. 212, 228 (2023)).

We find no support in the plain language of either Rule 4:42-1(b) or (c) for the order entered by the court on plaintiff's motion. Subsections (b) and (c) of Rule 4:42-1 provide only methods for settling forms of judgments and orders. They do not permit or provide for the enforcement of judgments or orders as requested in plaintiff's motion and, even if they did, the Rules would have no application here because there had never been a verdict, judgment, or decision against CURE in the personal-injury action and, as a result, there was no judgment or order to enforce against CURE. Moreover, our Rules of Court otherwise expressly provide for the enforcement of judgments, R. 4:59-1, and orders, R. 1:10-3, but plaintiff did not seek relief under either of those Rules and with good reason—as CURE correctly contends, the personal-injury action record is bereft of any judgment or order entered against CURE that the court could have enforced.

Rules 4:42-1(b) and (c) also do not provide an independent substantive basis for the entry of a judgment or order against a non-party to a civil proceeding. The plain language of the subsections makes clear that they apply only to the settlement of the form of judgment and orders between the parties to

the litigation, and the process of settling the form on a judgment or order may only be logically employed following a substantive determination a party is entitled to a judgment or an order. Thus, the Rules on which plaintiff relied in support of her motion cannot be logically read to provide the means by which a court makes a substantive determination a party is entitled to a judgment or order, but that is what the court erroneously did here. And, plaintiff did not cite to the motion court—and does not cite on appeal—any case law, statute, or court rule that authorizes a plaintiff in a personal-injury action to obtain by motion under Rule 4:42-1 a judgment against a tortfeasor's liability insurance carrier against which no complaint or pleading asserting a cause of action had ever been filed or served.

The court erred by relying on Rule 4:42-1(b) and (c) as the basis for its entry of a monetary judgment against CURE because CURE was not a party to the personal-injury action and no pleading asserting a cause of action had ever been filed against or served on CURE. See N. Haledon Fire Co. No. 1 v. Borough of N. Haledon, 425 N.J. Super. 615, 628 (App. Div. 2012) (explaining that "'[j]udgment or orders normally do not bind non-parties'" (quoting In re

Application of Mallon, 232 N.J. Super. 249, 254 n.2 (App. Div. 1989))).[1] The court therefore deprived CURE of the required notice of plaintiff's purported cause of action in an appropriate pleading, an opportunity to answer or otherwise respond to plaintiff's alleged claim after proper service of a pleading, discovery on the claim, and a trial by jury. In short, by relying on Rule 4:42-1 to support its entry of a final monetary judgment against non-party CURE, the court effectively denied CURE all the due process protections that are incorporated in our Rules of Court for individuals or entities against whom a judgment is sought.

The court's reliance on N.J.S.A. 17:28-2 as a basis for its entry of the judgment against CURE was also misplaced. The statute does not authorize entry of a judgment against an insurance carrier in response to a motion, never mind a Rule 4:42-1 motion to enforce a non-existent judgment or order against

---

[1] We recognize that under limited circumstances, a judgment may be "binding upon non-parties in other matters if their interests have been represented by a party," N. Haledon Fire Co., 425 N.J. Super. at 628-29, but plaintiff did not argue before the trial court and does not argue on appeal that any such circumstances are extant here. See Drinker Biddle & Reath LLP v. N.J. Dep't of L. & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining an issue not briefed on appeal is deemed abandoned). Moreover, prior to the filing of plaintiff's Rule 4:42-1 motion against CURE, which followed the discharge in bankruptcy of defendants' obligation to pay the $250,000 judgment in the personal-injury action, no direct claim against CURE for payment of policy limits had been filed against CURE in the personal-injury action and, as a result, CURE's interests in opposing the claim had never been represented by any other party. See N. Haledon Fire Co., 425 N.J. Super. at 628-29.

the non-party. Rather, the statute's plain language permits an injured person to maintain an "action" against an insurance carrier under certain defined circumstances. Under our Rules of Court, "[t]here shall be one form of action in civil practice to be known as a 'civil action.'" R. 4:2-1. And, "[a] civil action is commenced by filing a complaint with the court," R. 4:2-2, not a Rule 4:42-1 motion against a non-party.

We do not disagree with the court's finding plaintiff may have a claim against CURE under the statute, but plaintiff has never commenced an action against CURE, R. 4:2-1 and -2, and concomitantly has never maintained an action against CURE under N.J.S.A. 17:28-2. To conclude otherwise and determine the filing of a Rule 4:42-1 motion constituted maintenance of an action would deprive insurance carriers of the due process protections prior to entry of judgment embodied in our Rules of Court. For those reasons, we interpret the maintenance-of-an-action provision in N.J.S.A. 17:28-2 to require that an injured party seeking relief from an insurance carrier under the statute must first file a complaint, R. 4:2-2, and properly serve the pleading in a court action that is subject to all the procedural requirements, rights, safeguards, and remedies afforded to the parties to a civil proceeding under our Rules of Court.

A-2519-22

The court's order depriving CURE of the action required under N.J.S.A. 17:28-2 was therefore entered in error.

In their briefs on appeal, the parties argue the merits of plaintiff's claim that CURE is obligated, as defendants' insurer, to pay the $100,000 policy limit to plaintiff and CURE's claims which include, but are not limited to, plaintiff lacks standing to seek the payment and the bankruptcy court's discharge of the personal-injury-action judgment bars plaintiff's claim against CURE. We offer no opinion on the merits of plaintiff's claim, CURE's defenses to the claim, or any other issues pertinent to the merits of plaintiff's claim. We decide only that the court erred by granting plaintiff's motion to enforce a judgment under Rule 4:42-1 against CURE, a non-party to the personal-injury action in which the motion was filed and the court entered its order. We do not foreclose plaintiff from initiating and maintaining an action against CURE based on its claim under N.J.S.A. 17:28-2 or otherwise, but any such action shall be subject to any and all defenses that may be interposed by CURE. Again, we offer no opinion on the merits of such an action and nothing in this opinion shall be construed to the contrary.

Reversed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2519-22