# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2179-23

THERESA MONICA
GRUENBERG-HARVEY,

      Plaintiff-Appellant,

v.

BYZANTINE CATHOLIC
EPARCHY OF PASSAIC,

      Defendant-Respondent,

and

AMERICAN BYZANTINE
ORTHODOX CATHOLIC
CHURCH, INC., HOLY
DORMITION BYZANTINE
FRANCISCAN FRIARY,

      Defendants.

and

BYZANTINE CATHOLIC
EPARCHY OF PASSAIC,

      Defendant/Third Party
      Plaintiff-Respondent,

v.

THE ESTATE OF MSGR.
JOHN KOVAL,

    Third-Party Defendant.

_____

Submitted December 10, 2024 – Decided January 30, 2025

Before Judges Smith and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Passaic County, Docket No. L-3756-21.

D'Arcy Johnson Day, PC, Kimberly B. Massey (Freese & Goss, PLLC) of the Alabama bar, admitted pro hac vice, and Kip A. Nesmith (Freese & Goss, PLLC) of the Alabama bar, admitted pro hac vice, attorneys for appellant (Andrew J. D'Arcy, Jessica Ramirez, Kimberly B. Massey and Kip A. Nesmith, on the briefs).

Dwyer Connell & Lisbona, LLP, attorneys for respondent (Beth Connell O'Connor, on the brief).

PER CURIAM

    Plaintiff Theresa Monica Gruenberg-Harvey appeals from a Law Division order granting defendant Byzantine Catholic Eparchy of Passaic's motion for summary judgment. Based on our de novo review of the record and application of prevailing jurisprudence, we affirm.

I.

We glean the following salient facts from the record, viewed in the light most favorable to plaintiff, as the non-moving party. See Richter v. Oakland Bd. of Educ., 246 N.J. 507, 515 (2021). From approximately 1969 until 1970, plaintiff was a parishioner at Saint Mary's Church in Hazleton, Pennsylvania. Plaintiff alleges she was repeatedly sexually abused by the reverend of her church when she was about nine years old.

On November 30, 2021, plaintiff filed a complaint in the Superior Court of New Jersey, Passaic County, against defendant, among others, pursuant to the Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1. In 2022, both parties served demands for written discovery. Defendant did not respond to plaintiff's written requests. Although plaintiff also served three notices to take the deposition of defendant's corporate representative, that deposition never took place. Plaintiff filed no motions to enforce defendant's discovery obligations. By the expiration of the discovery period on July 9, 2023, only plaintiff's deposition had been taken.

Defendant moved for summary judgment, contending that, under a conflict of law analysis, plaintiff's claims were time barred under Pennsylvania law. Among other arguments, defendant posited that New Jersey does not have

3

a substantial interest in the case because defendant's only connection to New Jersey is its incorporation and principal place of business.

On February 6, 2024, the trial court issued an oral decision and order granting defendant's opposed summary judgment motion. In granting defendant's motion, the trial court found a choice of law issue existed as to the statute of limitations period since, "unlike New Jersey, Pennsylvania has not yet enacted legislation to provide a revival period for victims of childhood sexual abuse whose claims were previously time barred to file suit."

The trial court further found that even if New Jersey law applied, defendant did not qualify as a passive abuser under the CSAA because "there [was] absolutely nothing in the record [] to suggest, even remotely, that [] defendant knew of or acquiesced in the sexual abuse of [] plaintiff." Finally, the trial court found the mere fact that defendant had a presence in New Jersey was not enough to conclude plaintiff was entitled to relief under the CSAA, stating:

> [p]laintiff concedes that at the time of the alleged abuse she was a resident of Pennsylvania. Plaintiff concedes that she is presently a resident of California. Plaintiff concedes that the perpetrator was assigned to a church located in Pennsylvania. While [defendant] controlled the territory where the abuse took place, all of these occurred in Pennsylvania. Without more, there is not enough to conclude that New Jersey has a substantial interest in this case.

This appeal followed.

## II.

We review a trial court's grant or denial of summary judgment de novo. Branch v. Cream-O-Land Dairy, 244 N.J. 567, 582 (2021). A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (alterations in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)). The key inquiry is whether the evidence presented, when viewed in the light most favorable to the non-moving party, "[is] sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995). "[A] non-moving party cannot defeat a motion for summary judgment merely by pointing to any fact in dispute." Id. at 529.

"Choice-of-law determinations present legal questions, which are subjected to de novo review." Fairfax Fin. Holdings Ltd. v. S.A.C. Cap. Mgmt., LLC, 450 N.J. Super. 1, 33 (App. Div. 2017) (citing Bondi v. Citigroup, Inc., 423 N.J. Super. 337, 418 (App. Div. 2011), certif. denied, 210 N.J. 478 (2012)). In addressing these issues on appeal, a reviewing court owes no special deference to the trial court's interpretation or application of the law. Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

III.

We first consider plaintiff's argument that New Jersey's statute of limitations applies since New Jersey has a substantial interest in this litigation based on defendant being a "passive abuser" pursuant to the CSAA, and having a presence in New Jersey, where defendant is incorporated and has its principal place of business. We are unconvinced.

"When a civil action is brought in New Jersey, our courts apply New Jersey's choice-of-law rules in deciding whether this State's or another state's statute of limitations governs the matter." McCarrell v. Hoffmann-La Roche, Inc., 227 N.J. 569, 583 (2017). "The first inquiry in any choice-of-law analysis is whether the laws of the states with interests in the litigation are in conflict." Id. at 584. "[W]hen a complaint is timely filed within one state's statute of

limitations but is filed outside another state's, then a true conflict is present."

Ibid.

In McCarrell, our Supreme Court held "section 142 of the Second Restatement is now the operative choice-of-law rule for resolving statute-of-limitations conflicts because it will channel judicial discretion and lead to more predictable and uniform results that are consistent with the just expectations of the parties." Id. at 574. Section 142 provides:

> Whether a claim will be maintained against the defense of the statute of limitations is determined under the principles stated in § 6. In general, unless the exceptional circumstances of the case make such a result unreasonable:
>
> . . . .
>
> (2) The forum will apply its own statute of limitations permitting the claim unless:
>
> (a) maintenance of the claim would serve no substantial interest of the forum; and
>
> (b) the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.
>
> [Restatement (Second) of Conflict of L. § 142 (Am. L. Inst. Supp. 1989).]

"Under section 142(2)(a), the statute of limitations of the forum state generally applies whenever that state has a substantial interest in the maintenance of the claim." McCarrell, 227 N.J. at 593. If the forum state has a substantial interest, "the inquiry ends for statute-of-limitations purposes . . . ." Ibid. "Only when the forum state has 'no substantial interest' in the maintenance of the claim does a court consider section 142(2)(b)—whether 'the claim would be barred under the statute of limitations of a state having a more significant relationship to the parties and the occurrence.'" Ibid. (quoting Restatement (Second) of Conflicts of L. § 142(2)(a)-(b)).

We are guided by the Court's opinion in P.V. v. Camp Jaycee, 197 N.J. 132, 142-43 (2008), where the Court held that Pennsylvania law was appropriately applied in a similar choice-of-law analysis. In Camp Jaycee, the plaintiff was a mentally disabled New Jersey resident, who was allegedly abused while attending a camp located in Pennsylvania. Id. at 136-37. The defendant maintained an administrative office in New Jersey. Id. at 136.

In engaging in a choice-of-law analysis, the Camp Jaycee Court noted there is a presumption that the law of the state where the injury occurred should control. Id. at 144. The Court held Pennsylvania had a more significant relationship to the case than New Jersey because the defendant was organized

to perform charitable functions in Pennsylvania, the plaintiff attended the camp in Pennsylvania, the relationship between the plaintiff and the defendant centered on experiences in Pennsylvania, the tortious conduct allegedly took place in Pennsylvania, and the plaintiff received medical treatment for her injuries in Pennsylvania. Id. at 147. Finding that Pennsylvania had at least as significant of a relationship to the issues as New Jersey, the Camp Jaycee Court concluded the presumptive choice of Pennsylvania law had not been overcome. Id. at 136.

We applied section 142 in MTK Food Servs., Inc. v. Sirius Am. Ins. Co., 455 N.J. Super. 307, 309 (App. Div. 2018), where the plaintiff sued its former law firm alleging malpractice in litigating an insurance claim for fire damage to plaintiff's restaurant by filing its complaint outside of Pennsylvania's two-year statute of limitations, but within New Jersey's six-year statute of limitations. Ibid. We concluded Pennsylvania law applied because the defense attorney was licensed in New Jersey and worked out of a New Jersey office, determining the facts "[fell] short of establishing a substantial interest for New Jersey to apply its statute of limitations . . . ." Id. at 314. Meanwhile, "[a]ll other relevant facts point[ed] to Pennsylvania: the fire and resulting loss occurred in Pennsylvania; plaintiff [was] incorporated in Pennsylvania; [defense counsel was chosen]

because he [was] licensed in Pennsylvania; and [defendant counsel] filed the underlying complaint in Pennsylvania." Ibid.

A similar result was reached in the pre-McCarrell case of Heavner v. Uniroyal, Inc., 63 N.J. 130, 133-34 (1973), where a choice-of-law analysis was applied in litigation resulting from a truck accident that occurred in North Carolina. While the truck was purchased in North Carolina from a Delaware corporation, the wheels were manufactured by a New Jersey corporation. Ibid. In determining that New Jersey did not have "any sufficient interest" in the litigation, the Court stated "[New Jersey's] only possible interest is that Uniroyal, a national company, is incorporated here and that is not enough." Id. at 134 n.3; see also Fu v. Fu, 160 N.J. 108, 133 (1999) (holding that an entity's place of incorporation and place of business "are relevant, although not dispositive, considerations in a choice-of-law determination").

A.

We conclude there is a direct conflict between New Jersey and Pennsylvania law in this case, requiring us to engage in a substantial interest evaluation.

In 2019, the New Jersey Legislature adopted the CSAA, modifying the statute of limitations applicable to civil claims based upon allegations of sexual

abuse. For a child victim, the limitations period is thirty-seven years after the child turns eighteen, that is, age fifty-five, or within seven years of discovery, whichever is later. N.J.S.A. 2A:14-2a(a)(1). For those abused as adults, the limitations period is seven years after discovery. N.J.S.A. 2A:14-2a(b)(1).

In comparison, the Pennsylvania statute of limitations governing plaintiff's claim is two years from the date of accrual.[1] Plaintiff makes no argument that Pennsylvania has enacted legislation containing any revival period applicable to her time-barred claims for childhood sexual abuse. Because a direct conflict of law exists, McCarrell compels us to apply section 142 of the Restatement (Second) of Conflicts of Law to determine the governing law. Under the restatement, New Jersey's statute of limitations applies unless "maintenance of the claim would serve no substantial interest of" New Jersey. Restatement (Second) of Conflicts of L. § 142(2)(a).

### B.

We conclude that any interest New Jersey has in this case is not "substantial," the presumption that New Jersey law applies has been overcome and plaintiff's claims are barred under Pennsylvania law.

---

[1] See Pa. Cons. Stat. § 5533.

A-2179-23

We are not persuaded by plaintiff's argument that New Jersey has a substantial interest in this litigation because the sexual abuse "occurred" in New Jersey where defendant is a "passive abuser." Plaintiff's allegation turns on the unsupported claim that defendant knew the reverend had sexually abused her and acquiesced in his actions by failing to protect her.

Under the CSAA, liability may be imposed on both "active" and "passive" abusers, including individuals and public entities. N.J.S.A. 2A:61B-1(a)(1); Hardwicke v. Am. Boychoir Sch., 188 N.J. 69, 86 (2006). "Sexual abuse" is defined as "an act of sexual contact or sexual penetration between a child under the age of [eighteen] years and an adult." N.J.S.A. 2A:61B-1(a)(1). Passive abuse, however, is committed by "[a] . . . person standing in loco parentis who knowingly permits or acquiesces in sexual abuse by any other person . . . ." N.J.S.A. 2A:61B-1(a)(1).

Plaintiff cites to Hardwicke to support her contention that defendant is a passive abuser. In Hardwicke, our Supreme Court held a private entity qualifying as a passive abuser under the CSAA may be held vicariously liable for common law claims of sexual abuse committed by an employee acting outside the scope of employment. Hardwicke, 188 N.J. 100-02. The Hardwicke Court stated that in order to hold a passive sexual abuser liable under the statute,

a plaintiff must demonstrate the defendant is: "(1) a person (2) standing in loco parentis (3) within the household."[2] Id. at 86. Because the statute did not define the term "loco parentis," the Court considered the Legislature's intent, determining the defendant satisfied the role of "in loco parentis" because it

> regulated the students' personal hygiene, monitored the cleanliness of their rooms, dictated the amount of money each student could have on campus, required students to write two weekly letters to friends or family, expected students to attend religious services when on campus during the weekend, provided transportation for recreational activities off school grounds, and disciplined students who violated those policies.
>
> [Id. at 91-92.]

Without any support in the record, plaintiff asserts the entity-defendant knew of or acquiesced to the sexual abuse conducted by the reverend, and therefore, was a passive abuser under the CSAA. In making this argument, plaintiff primarily relies on defendant's alleged authority and control over the reverend through its ability to assign clergy members within a territorial jurisdiction.

Plaintiff's argument overlooks the Court's reasoning in Hardwicke. Here, defendant did not act as a parental substitute to plaintiff in any sense. Thus, we

---

[2] The 2019 amendment to the CSAA deleted the "within the household" requirement for a passive abuser.

conclude there are no facts in the record to establish defendant functioned as a parent to plaintiff as did the boarding school in <u>Hardwicke</u>.

Plaintiff concedes that at the time of the alleged abuse she was a resident of Pennsylvania, the reverend was assigned to a church located in Pennsylvania, and all abuse took place in Pennsylvania. Under the rationale articulated in <u>Hardwicke</u>, <u>Heavner</u> and <u>MTK</u>, defendant's New Jersey incorporation and principal place of business is not sufficient to establish New Jersey has a substantial interest, in light of all other facts being grounded in Pennsylvania. We conclude New Jersey does not have a substantial interest in the subject litigation and the presumption that New Jersey law applies has been overcome. Thus, Pennsylvania's two-year statute of limitations applies to bar plaintiff's claim.

## C.

For purposes of completeness, we consider whether the trial court erred in granting defendant's motion for summary judgment prior to the completion of discovery. We are unconvinced that we should reverse and remand for further discovery.

The discovery end date expired approximately seven months before the trial court entered the February 6, 2024 order granting summary judgment.

Plaintiff could have, but did not, file motions to enforce discovery obligations within the discovery deadline or move to extend the discovery end date. There is no evidence in the record that plaintiff availed herself of any opportunity to pursue relief from the expiration of the discovery end date through the trial court's decision approximately seven months later. Thus, we reject plaintiff's suggestion that outstanding discovery precluded summary judgment from being granted.

To the extent we have not addressed a particular argument, it is because either our disposition makes it unnecessary, or the argument was without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2179-23