**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3685-21

NICOLETTE PIPPIS,

    Plaintiff-Appellant,

v.

PDC 16-20 HUDSON
PLACE REALTY, LLC,
MKG MUNDIAL LLC,
d/b/a BODY BALANCE, and
BODY BALANCE INC.,

    Defendants-Respondents.

_____

> Argued January 30, 2024 – Decided September 6, 2024
>
> Before Judges Gooden Brown and Puglisi.
>
> On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-0350-20.
>
> Timothy J. Foley argued the cause for appellant (Foley & Foley, and Eisbrouch & Marsh, LLC, attorneys; David L. Eisbrouch, Sherry L. Foley and Timothy J. Foley, of counsel and on the briefs).

Robert MacDonald argued the cause for respondent, PDC 16-20 Hudson Place Realty, LLC (MacDonald & Herforth, attorneys; Robert MacDonald, on the brief).

Michael P. Chipko argued the cause for respondent MKG Mundial LLC, d/b/a Body Balance (Wilson, Elser, Moskowitz, Edelman & Dicker LLP, attorneys; Michael P. Chipko, of counsel and on the brief).

PER CURIAM

Plaintiff Nicolette Pippis appeals from the May 24, 2022, Law Division orders granting summary judgment dismissal of her premises liability complaint against defendants PDC 16-20 Hudson Place Realty, LLC (PDC), and MKG Mundial, LLC d/b/a Body Balance (MKG).  Plaintiff also appeals from the July 11, 2022, order denying her motion for reconsideration.  For the reasons that follow, we reverse.

This matter arises from an incident that occurred on March 29, 2019, when plaintiff allegedly slipped and fell while exiting a building owned by defendant PDC, after visiting defendant MKG, a tenant in the building.  We glean these facts from the motion record, viewed in the light most favorable to plaintiff. Angland v. Mountain Creek Resort, Inc., 213 N.J. 573, 577 (2013) (citing Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523 (1995)).

At approximately 1:30 p.m. on March 29, 2019, plaintiff, who was nine months pregnant, had a prenatal massage at MKG, located on the second floor

2

at 20 Hudson Place in Hoboken. While walking down the stairs to exit the building, plaintiff fell near the bottom of the stairs, breaking her ankle. In her interrogatory responses, plaintiff certified that as she descended the stairs, she was holding onto the handrail. When she got towards the last four or five steps, "the railing ended and there was no lighting," causing her to miss the step and fall. Plaintiff testified at her deposition that she fruitlessly attempted to grab for the handrail as she fell but "the railing cut short a few steps." When asked to clarify the number of steps, plaintiff testified she was "not sure exactly how many steps" but confirmed that it was more than one and adamantly denied that she tripped.

Police, fire, and emergency services personnel were dispatched, and plaintiff was transported to Hoboken University Medical Center (the Medical Center). The responding Hoboken police officer reported that plaintiff told him "she felt her left foot give out while walking down the stairs" and she fell "about [four] to [five] steps, to the bottom of the stair[case]."[1] Hoboken Fire Department personnel provided assistance and reported that plaintiff "stated she

---

[1] Both plaintiff's deposition and the police report indicate that plaintiff fell "to the bottom of the staircase" and she was found on the floor near the building's entrance.

A-3685-21

fell from the fourth step and hurt her ankle." Responding emergency medical services personnel reported that plaintiff explained that "while she was walking down the stairs she tripped[,] sliding down the last [four] steps injuring her [right] ankle." At the Medical Center, plaintiff's triage nurse commented that plaintiff "slipped down [four] stairs."

According to plaintiff's architectural expert, Kenneth Stoyack, the handrail for the stairs "did not extend over the entire bottom tread" and "stopped short" of the edge of the final step by two and one-half inches. In his deposition, Stoyack explained that current building codes would require the handrail for these stairs to extend at least ten and one-quarter inches past the bottom step.[2] Stoyack opined that plaintiff "lost her balance" and "fell off the bottom of the stairway" because "[t]he handrail was short and she could[ not] grasp it." He concluded that the "lack of handrail coverage over the entire bottom tread" was a dangerous condition that contributed to plaintiff's accident.

Plaintiff filed a complaint against defendants, alleging negligence "in the method and manner in which [they] maintained the hallway of the subject premises." In the complaint, plaintiff asserted that as a result of defendants'

---

[2] Stoyack acknowledged at his deposition that those requirements may not apply to the subject handrail because he did not know when the handrail was installed and the codes only applied prospectively.

A-3685-21

failure to provide "adequate lighting" and "adequate [stairway] railings," she "slipped and fell on the last three to four steps," sustaining severe personal injuries. Both defendants moved for summary judgment following the close of discovery. Following oral argument, the judge entered an order on May 24, 2022, granting defendants' motions and dismissing plaintiff's complaint with prejudice. In an accompanying written decision, the judge determined that plaintiff could not prove proximate causation because plaintiff provided conflicting information about the cause of her fall. The judge found that because plaintiff claimed to have fallen from the third or fourth step, the absence of railing at the bottom of the stairs could not have proximately caused her injury.

The judge recounted the facts recited in the complaint and interrogatory responses as well as plaintiff's account of the fall to responding police, emergency services, and hospital personnel where plaintiff stated the fall began around the last three to four steps. According to the judge, "[i]n contrast, [p]laintiff's [e]xpert opined that 'th[e] accident had to occur on the bottom tread of the stairway,'" and that the "'handrail stopped short'" and "'did not cover the entire bottom tread.'" (Emphasis omitted). Based on that evidence, the judge concluded:

> Plaintiff's own expert contradicts her [c]omplaint. In light of this contradiction, [p]laintiff has not shown

how a rational factfinder could resolve the alleged dispute in her favor, per the Brill standard. Plaintiff has not provided this [c]ourt with competent evidence to support her arguments. As such, [p]laintiff has not shown proximate cause and her opposition fails.

In her decision, the judge briefly addressed a spoliation claim plaintiff raised in her opposition to the summary judgment motions. By way of background, Rick Huet, a managing partner at MKG, admitted under oath that he had inadvertently deleted a portion of the surveillance video of the staircase that purportedly depicted plaintiff's fall. In his deposition, Huet testified that by the time he reached out to the company that might have preserved the relevant footage, too much time had passed and the footage had already been deleted from the company's records. The judge rejected plaintiff's spoliation claim and denied plaintiff's request for relief, reasoning that plaintiff did not "identify her attempts to obtain" the video and did not file a motion to compel before the close of discovery.

In a July 11, 2022, order, the judge denied plaintiff's subsequent motion for reconsideration, finding plaintiff failed to meet the standard for reconsideration under Rule 4:49-2. In denying reconsideration, the judge added that the deleted video was irrelevant because "[t]he tape show[ed] nothing." Screenshots from the surveillance footage provided in the record demonstrate

that the angle of the camera does not show the disputed portion of the stairs or handrail. This appeal followed.

On appeal, plaintiff raises the following points for our consideration:

POINT I

THE ORDERS FOR SUMMARY JUDGMENT MUST BE REVERSED BECAUSE [PLAINTIFF] PRODUCED SUFFICIENT EVIDENCE TO PRESENT THE ISSUE OF PROXIMATE CAUSATION TO A JURY.

POINT II

THE DESTRUCTION OF THE VIDEOTAPE THAT ALLEGEDLY SHOWED [PLAINTIFF]'S FALL ENTITLES [PLAINTIFF] TO AN INFERENCE IN HER FAVOR ON MOTION FOR SUMMARY JUDGMENT.

POINT III

THE ORDER DENYING RECONSIDERATION SHOULD BE REVERSED BECAUSE TAKING PROXIMATE CAUSE FROM THE JURY WAS PALPABLY INCORRECT AND BECAUSE THE COURT FAILED TO APPRECIATE COMPETENT EVIDENCE.

"[W]e review the trial court's grant of summary judgment de novo under the same standard as the trial court." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016). That standard is well-settled.

A-3685-21

> [I]f the evidence of record—the pleadings, depositions, answers to interrogatories, and affidavits—"together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact," then the trial court must deny the motion. R. 4:46-2(c); see Brill[, 142 N.J. at 540]. On the other hand, when no genuine issue of material fact is at issue and the moving party is entitled to a judgment as a matter of law, summary judgment must be granted. R. 4:46-2(c); see Brill, 142 N.J. at 540.
>
> [Steinberg v. Sahara Sam's Oasis, LLC, 226 N.J. 344, 366 (2016).]

Where there is no material fact in dispute, "we must then 'decide whether the trial court correctly interpreted the law.'" DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quoting Massachi v. AHL Servs., Inc., 396 N.J. Super. 486, 494 (App. Div. 2007)). "We review issues of law de novo and accord no deference to the trial judge's [legal] conclusions . . . ." MTK Food Servs., Inc. v. Sirius Am. Ins. Co., 455 N.J. Super. 307, 312 (App. Div. 2018).

On the other hand, "[a] motion for reconsideration . . . is a matter left to the trial court's sound discretion," and is therefore entitled to deference. Lee v. Brown, 232 N.J. 114, 126 (2018) (omission in original) (quoting Guido v. Duane Morris LLP, 202 N.J. 79, 87 (2010)). A party may move for reconsideration of a court's decision pursuant to Rule 4:49-2, on the grounds that (1) the court based

A-3685-21

its decision on "'a palpably incorrect or irrational basis'," (2) the court either failed to consider or "appreciate the significance of probative, competent evidence," or (3) the moving party is presenting "new or additional information . . . which it could not have provided on the first application." Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996) (quoting D'Atria v. D'Atria, 242 N.J. Super. 392, 401 (Ch. Div. 1990)). The moving party must "initially demonstrate that the [c]ourt acted in an arbitrary, capricious, or unreasonable manner, before the [c]ourt should engage in the actual reconsideration process." D'Atria, 242 N.J. Super. at 401.

In determining whether the trial judge correctly interpreted the law, we begin by "identifying the elements of the cause of action and the standard of proof governing th[e] claim." Bhagat v. Bhagat, 217 N.J. 22, 39 (2014). "To sustain a cause of action for negligence, a plaintiff must establish four elements: '(1) a duty of care, (2) a breach of that duty, (3) proximate cause, and (4) actual damages.'" Townsend v. Pierre, 221 N.J. 36, 51 (2015) (quoting Polzo v. Cnty. of Essex, 196 N.J. 569, 584 (2008) (internal quotation marks omitted)). Proximate cause is the only element in dispute in this appeal and "consists of 'any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the result complained of and without which

9

the result would not have occurred.'" Ibid. (quoting Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996) (internal quotation marks omitted)).

Stated another way, the question of proximate cause "asks whether the actual harm suffered was a reasonable consequence of the defendant's actual act or omission." Coleman v. Martinez, 247 N.J. 319, 355 (2021) (citing Clohesy v. Food Circus Supermarkets, Inc., 149 N.J. 496, 503 (1997)). "[G]enerally, '[i]t suffices if [the cause] is a substantial contributing factor to the harm suffered.'" Ibid. (second and third alteration in original) (quoting Perez v. Wyeth Labs. Inc., 161 N.J. 1, 27 (1999)). Importantly, "[p]roximate cause is generally a question for the jury, but courts may 'reject[] the imposition of liability for highly extraordinary consequences.'" Id. at 356 (second alteration in original) (quoting J.S. v. R.T.H., 155 N.J. 330, 351-52 (1998)).

Here, the judge found proximate cause was lacking because the allegedly deficient railing was on the bottom step and plaintiff lost her balance on the third or fourth step. However, a reasonable jury could find that additional railing at the end of plaintiff's fall path could have helped plaintiff prevent or mitigate her injuries. Because the absence of any railing at the end of the staircase may have contributed to plaintiff's injuries, the issue of proximate causation should have been left to a jury. "Based on the facts before us, we see no reason to take the

question of proximate cause from a jury's capable hands," Coleman, 247 N.J. at 356, and reverse the judge's ruling to the contrary.

On her spoliation claim, plaintiff asserts she is entitled to an adverse inference against defendants because a principal of MKG deleted video of the fall. As a preliminary matter, "[w]hether to charge the jury or impose some other sanction for spoliation is a matter 'left to the trial court's discretion and will not be disturbed if it is just and reasonable in the circumstances.'" Lanzo v. Cyprus Amax Mins. Co., 467 N.J. Super. 476, 525-26 (App. Div. 2021) (quoting Bldg. Materials Corp. of Am. v. Allstate Ins. Co., 425 N.J. Super. 448, 472 (App. Div. 2012)). The spoliation inference plaintiff seeks "allows a jury 'to presume that the evidence the spoliator destroyed . . . would have been unfavorable to him or her.'" Ibid. (quoting Rosenblit v. Zimmerman, 166 N.J. 391, 402 (2001)).

The purpose of spoliation sanctions, including an adverse inference, is "'to make whole, as nearly as possible, the litigant whose cause of action has been impaired by the absence of crucial evidence; to punish the wrongdoer; and to deter others from such conduct.'" Id. at 526 (quoting Robertet Flavors, Inc. v. Tri-Form Constr., Inc., 203 N.J. 252, 273 (2010)). Other relevant factors are "'the spoliator's degree of fault, the prejudice caused to the other party, and the availability of lesser sanctions that will both avoid unfairness to the non-

11                                                                A-3685-21

spoliator and deter future acts of spoliation.'" <u>Ibid.</u> (quoting <u>Robertet Flavors, Inc.</u>, 203 N.J. at 278).

Here, in his deposition, Huet testified he "inadvertently" deleted the portion of the video showing plaintiff's fall while he was trying to save the video in an accessible format. Once he "noticed that there was an issue," he contacted the surveillance company, but the company only stored videos for ten days. Because more than ten days had elapsed since the fall, the video was no longer available. However, screenshots provided in the record show that the relevant portion of the stairs and handrail are not captured by the surveillance camera.

Although the judge's written opinion focused on plaintiff's failure to seek the deleted video in discovery, she emphasized at the reconsideration argument that the video was irrelevant because it "show[ed] nothing." Based on the screenshots, it is clear that precisely where and how plaintiff fell would not have been visible on the video. Because the deleted video would not have provided any useful evidence, the judge did not abuse her discretion in denying plaintiff an adverse inference from defendants' spoliation of evidence. Therefore, although we reverse the judge's decisions granting summary judgment dismissal of plaintiff's complaint and denying plaintiff reconsideration, we agree with the judge that plaintiff was not prejudiced by "'the absence of crucial evidence.'"

12

See Lanzo, 467 N.J. Super. at 526 (quoting Robertet Flavors, Inc., 203 N.J. at 273).

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION